CAMPBELL *v.* WOODWORTH *et al.*

The price at which goods were sold at public auction is some evidence, slight or cogent according to the circumstances, to be considered by the jury in arriving at their value.

APPEAL from a judgment of the Supreme Court at general term in the seventh district, affirming the judgment upon a verdict at circuit. The facts are stated in the following opinion. The case was submitted on printed arguments.

*Martin S. Newton,* for the appellant.

*Selah Mathews,* for the respondent.

DENIO, J. The action was in the nature of trover for the conversion of a quantity of dry goods, the stock of T. Chapman, a retail dealer in the city of Rochester. The plaintiff made title to the property under an assignment executed to him by Chapman for the benefit of his creditors. The defendants, who were the sheriff and the under-sheriff of Monroe county, justified taking it under execution against Chapman. On the trial, the plaintiff, among other evidence, examined merchants and other persons to prove the value of the goods. It appeared that the sheriff had caused them to be sold by an auctioneer at Rochester, to satisfy two executions. He examined the auctioneer who testified that he had been accustomed to sell goods of the same kind at auction in that city, on private account as well as for the sheriff, and as well for parties who were obliged to sell as for those who chose to dispose of property in that way, and that he sometimes sold whole stocks as in this case and sometimes smaller parcels; that the goods sued for were sold by him at public auction for the sheriff; that there were a great many bidders present, and that the sale was in all respects fair. The defendants then proposed to prove the

Campbell *v.* Woodworth.

aggregate sum for which the goods were sold, but the evidence was excluded at the plaintiff's instance, and the defendants excepted.

We think the evidence should have been received. In many cases the result of a forced sale of goods ought not to influence the jury in assessing the damages against a party who has wrongfully taken them—but in some other cases a sale at auction would afford high evidence upon a question of value. We understand that in the city of New York many kinds of property are ordinarily disposed of in that way, and it seems that in Rochester it is not unusual to sell dry goods at auction, even where the owner is not forced to sell in that manner. In such cases as the present we think that the evidence of what the goods sold for at the auction should be received for the consideration of the jury, to be compared with the other evidence of value that might be offered, and to be allowed such weight as the circumstances of the sale, and the degree of competition actually exhibited, should entitle it to. Lord TEN-TERDEN, Ch. J., seems to have acted at *nisi prius* upon this rule, in *Whitehouse* v. *Atkinson* (3 *Carr. & Payne*, 344). The action was by the assignees of a bankrupt against a sheriff who had sold the goods on execution. He said to the jury: "With respect to the damages, a plaintiff is not bound by the sum at which goods have been sold at an auction; but where the plaintiff is an assignee who must have sold the goods if they had come to his hands before any sale by the sheriff, it often happens that the jury considers the sum at which they were actually sold at auction, as a fair measure of damages."

The judgment must be reversed, and a new trial awarded.

JOHNSON, Ch. J., COMSTOCK, GRAY and GROVER, Js., concurred.

Judgment reversed and new trial ordered.