CONRAD A. CROUNSE AND WILLIAM CROUNSE, RE-
SPONDENTS, v. EBENEZER A. FITCH, IMPLEADED WITH P.
A. CROUNSE, APPELLANT.

*Evidence—Declarations.*

ACTION upon a promissory note. Defence, that Fitch was the
surety of P. A. Crounse. That while the latter was responsible
Fitch requested the holder, after the note became due, to proceed
and collect it of the principal.

That the holder neglected so to do until the principal because
insolvent.

Second, that the note had been paid by the principal.

Upon the trial at Circuit, numerous exceptions were taken by
the Defendant to the rulings of the Judge, upon the admissibility
of evidence, which appear in the opinion.

The jury rendered a verdict for the Plaintiffs, upon which
judgment was rendered. After affirmance by the General Term,
the Defendant, Fitch, appealed to the Court.

*Tremain & Peckham* for Appellants.
*Samuel Hand* for Respondents.

GROVER, J.—No exceptions having been taken to the charge
of the Judge to the jury, that must be assumed to have been cor-
rect. This leaves for examination by this Court only the excep-
tions taken by the Defendant to the rulings of the Court upon
the competency of evidence.

In considering these exceptions, the questions in issue must be
kept in view. These were: First, whether, after the maturity of
the note, the surety, Fitch, while his principal, Crounse, was sol-
vent, requested the holder to proceed and collect the note of the
principal, and whether the holder delayed to prosecute until the

principal became insolvent; and second, whether the note had been paid by the principal.

Upon the first issue the only question made, as appears by the case, was whether the principal debtor, Crounse, was solvent at the time the request was made by Fitch to collect the note of him. This, it appears, led to an inquiry as to the value of the property owned by him at the time of the request (Dec. 1856).

For the purpose of showing the value of a portion of the property (certain hotel furniture), the Plaintiff offered to prove what it sold for at a public sale in March, 1857. The Judge held the evidence competent, to which the Defendant excepted. I think this ruling was correct.

It was held in Campbell *v.* Woodworth (20 N. Y. 499), that the price for which goods sold at public auction was competent evidence for the consideration of a jury upon the question of the value of the goods. In this case the question was as to the value of the furniture in December. The sale was in March thereafter. The difference in time is not so great, when the kind of property in question is considered, as to justify the exclusion of the evidence. If anything had occurred between December and March materially affecting the value of the furniture, it was competent for the Defendant to show it, and thus enable the jury upon all the evidence to determine its value in December.

Upon the issue of payment by the principal, Crounse, the case shows that the only question at the trial was whether, when the Plaintiff paid Ogsbury, the holder, the amount of the note, he did it as purchaser of the note from him, or whether he loaned the money to the principal, and the note was paid by him therewith to the holder.

Upon this issue it is manifest that all statements made by the principal to the holder of the note, not in presence of the Plaintiffs, or either of them, and of which they had no knowledge at the time they advanced the money, were inadmissible to affect their rights.

The Judge was right in excluding the statements made by the

principal to Ogsbury, that he would borrow the money of the Plaintiffs and pay the note. There was nothing tending to show that either of the Plaintiffs knew anything of these statements. They formed no part of the res gesta. The understanding of Ogsbury as to the effect of the transaction was properly excluded. The Plaintiffs knew nothing of this. The rights of the Plaintiffs must be determined by what was said and done at the time they paid the money.

At first view it would appear that Ogsbury, the agent, who transacted the business with the Plaintiffs for the holder, should have been permitted to answer the question whether he delivered the note to the Plaintiffs, and whether he sold it to them. But the case shows that he was permitted to and did testify to all that was said and done on that occasion. From these latter facts the effect of the transaction was to be determined. The witness had no right to express any opinion upon their effect after testifying fully to all that was said and done. An answer to the question would have been nothing more.

The declarations of the principal to Ogsbury, the agent, after the completion of the business, as they were leaving the store, were not admissible. They were no part of the res gesta. They were not made in the hearing of the Plaintiffs. Their being made directly after the completion of the business, does not affect the question. Whether made minutes, hours, or days after, they were equally incompetent. The evidence that the principal said the note was paid, was properly excluded. He was introduced as a witness by the Plaintiffs, and examined as to his property and the incumbrances thereon, and the debts owing by him, but gave no evidence as to whether the note had been paid. The statement, therefore, did not contradict any testimony given by him. When the Defendant, upon cross-examination, inquired of him whether he had made such statement, he was concluded by his answer that he had not. The statement, if made, was collateral to any testimony given by the witness. The witness could not be impeached by proof that he had never made the statement. This can only be done when the statement tends to contradict the testimony of the witness.

The evidence that the Plaintiffs, in a conversation between themselves, after being applied to for the money, said one to the other that it was best to purchase, was not competent, and the Defendant's exception thereto was well taken. On this ground the judgment must be reversed and a new trial granted, unless it clearly appears from the case that the Defendant could not have received any prejudice from the testimony. It will so appear if, after striking out this testimony, the evidence was such that it would have been the duty of the Judge to direct the jury to find that the Plaintiffs purchased the note and did not lend the money to the principal to pay the note to the holder. There was no conflict in the evidence upon these points. It was, in substance, that the agent of the holder and the principal went to the store of the Plaintiffs together, and there Peter Crounse, the principal debtor, told one of the Plaintiffs that the agent had a good note and wished him to cash it. That he declined. That shortly after, this Plaintiff had a short conference with the other Plaintiff, and upon his return said perhaps he could borrow the money. That he then went out and shortly returned with money in his hand. That they then cast the interest on the note, and this Plaintiff paid him, the agent, the amount, and left the note on the counter, and went away with the money.

This evidence conclusively proves a purchase of the note; and a verdict negativing the purchase and finding it was a loan to Crounse, the principal, and a payment of the note by him, would have been set aside as against evidence. The fact that Crounse, the principal, the night before, sent the agent of the holder to the Plaintiffs to see if they would not cash the note, and that he went and told them that he had been sent by him to see if they would cash it, does not alter the case.

Had the Plaintiffs given him the money then for the note, the only conclusion to be drawn therefrom would have been that they purchased it. There was not the slightest proof that they loaned the money to Crounse, the principal debtor. In the absence of the testimony in question, the only conclusion that could have been drawn from the remaining proof was, that the note was

purchased by the Plaintiffs.   The Defendant could not have been prejudiced by the error in receiving it.

The judgment must be affirmed.