## CROUNSE *v.* FITCH.

September, 1868.

Reversing 14 *Abb. Pr.* 346; S. C., 23 *How. Pr.* 350.

For the purpose of showing the value of household furniture at a given time, it is competent to prove for what it sold at a public sale three months afterward.*

Such lapse of time is not sufficient to justify the exclusion of the evidence; but if anything occurred in the interim materially affecting the value, it is competent for the adverse party to show it.

In an action against the indorsor of a promissory note, where the defense was that the circumstances under which the plaintiffs obtained the note amounted to a payment of it by them, for the benefit of the maker, proof that the maker had previously declared that he would borrow money from the plaintiffs to pay the note,—*Held,* inadmissible.

The declaration of the maker of a note that the same is paid, not made at the time of the transaction which constituted the payment, nor made in the presence of the holder, should not be received.

Where, on cross-examination, a party takes the testimony of the witness to new and collateral matter, not pertinent to the issue, he is not at liberty to give evidence to contradict the witness in this respect.

A conversation between copartners, to the effect that they will make a profit by purchasing a certain note, directly followed by their advancing the amount of the note to the holder, is not admissible in their own favor, as proof of their intention in procuring the note, and to determine the character of the transaction.

Conrad A. Crounse and William Crounse brought this action against Ebenezer A. Fitch and A. Crounse, in the supreme court, upon a promissory note. The defenses were, 1. That Fitch was the surety of P. A. Crounse, and that while the latter was responsible, Fitch requested the holder, after the note became due, to proceed and collect it of the principal, but the

---

* See Wells *v.* Kelsey, 37 *N. Y.* 143.

holder neglected so to do until P. A. Crounse became insolvent.
2. That the note had been paid by the principal.

On the trial numerous exceptions were taken by defendants
to the rulings of the judge upon the admissibility of evidence,
which appear in the opinion.

Judgment rendered on the verdict for plaintiffs was affirmed
by the general term.   14 *Abb. Pr.* 346 ; 23 *How. Pr.* 350.

The defendant Fitch appealed.

*Tremaine & Peckham,* defendant, appellant.

*Samuel Hand,* for plaintiffs, respondents.

GROVER, J.—No exceptions having been taken to the charge
of the judge to the jury, that must be assumed to have been
correct.   This leaves for examination by this court only the ex-
ceptions taken by the defendant to the rulings of the court upon
the competency of evidence.

In considering these exceptions, the questions in issue must
be kept in view. These were: First, whether, after the maturity
of the note, the surety, Fitch, while his principal, Crounse, was
solvent, requested the holder to proceed and collect the note of
the principal, and whether the holder delayed to prosecute until
the principal became insolvent; and, Second, whether the note
had been paid by the principal.

Upon the first issue the only question made, as appears by
the case, was whether the principal debtor, Crounse, was sol-
vent at the time the request was made by Fitch to collect the
note of him.   This, it appears, led to an inquiry as to the value
of the property owned by him at the time of the request (De-
cember, 1856).

For the purpose of showing the value of a portion of the
property (certain hotel furniture), the plaintiff offered to prove
what it sold for at a public sale in March, 1857. The judge held
the evidence competent, to which the defendant excepted.   I
think this ruling was correct.

It was held in Campbell *v.* Woodworth, 20 *N. Y.* 499, that
the price for which goods sold at public auction was competent
evidence for the consideration of a jury upon the question of

the value of the goods. In this case the question was as to the value of the furniture in December. The sale was in March thereafter. The difference in time is not so great, when the kind of property in question is considered, as to justify the exclusion of the evidence. If anything had occurred between December and March materially affecting the value of the furniture, it was competent for the defendant to show it, and thus enable the jury upon all the evidence to determine its value in December.

Upon the issue of payment by the principal, Crounse, the case shows that the only question at the trial was whether, when the plaintiff paid Ogsbury, the holder, the amount of the note, he did it as purchaser of the note from him, or whether he loaned the money to the principal, and the note was paid by him therewith to the holder.

Upon this issue it is manifest that all statements made by the principal to the holder of the note, not in presence of the plaintiffs, or either of them, and of which they had no knowledge at the time they advanced the money, were inadmissible to affect their rights.

The judge was right in excluding the statements made by the principal to Ogsbury, that he would borrow the money of the plaintiffs and pay the note. There was nothing tending to show that either of the plaintiffs knew anything of these statements. They formed no part of the *res gestæ*. The understanding of Ogsbury as to the effect of the transaction was properly excluded. The plaintiffs knew nothing of this. The rights of the plaintiffs must be determined by what was said and done at the time they paid the money.

At first view it would appear that Ogsbury, the agent, who transacted the business with the plaintiffs for the holder, should have been permitted to answer the question whether he delivered the note to the plaintiffs, and whether he sold it to them. But the case shows that he was permitted to and did testify to all that was said and done on that occasion. From these latter facts the effect of the transaction was to be determined. The witness had no right to express any opinion upon their effect after testifying fully to all that was said and done. An answer to the question would have been nothing more.

Crounse *v.* Fitch.

The declarations of the principal to Ogsbury, the agent, after the completion of the business, as they were leaving the store, were not admissible. They were no part of the *res gestæ.* They were not made in the hearing of the plaintiffs. Their being made directly after the completion of the business does not affect the question. Whether made minutes, hours, or days after, they were equally incompetent. The evidence that the principal said the note was paid, was properly excluded. He was introduced as a witness by the plaintiffs, and examined as to his property and the incumbrances thereon, and the debts owing by him, but gave no evidence as to whether the note had been paid. The statement, therefore, did not contradict any testimony given by him. When the defendant, upon cross-examination, inquired of him whether he had made such statement, he was concluded by his answer that he had not. The statement, if made, was collateral to any testimony given by the witness. The witness could not be impeached by proof that that he had never made the statement. This can only be done when the statement tends to contradict the testimony of the witness.

The evidence that the plaintiffs, in a conversation between themselves, after being applied to for the money, said, one to the other, that it was best to purchase, was not competent, and the defendant's exception thereto was well taken. On this ground the judgment must be reversed, and a new trial granted, unless it clearly appears from the case that the defendant could not have received any prejudice from the testimony.

[The rest of the opinion was to the effect that the defendant could not have been prejudiced by the error in receiving the testimony, in which the court did not concur.]

THE COURT, not being certain that the admission of the evidence as to the conversations between the partners, had not prejudiced the defendant, reversed the judgment and ordered a new trial.

Judgment reversed, and a new trial ordered, costs to abide the event.