# N. Y. SUPERIOR COURT.

SAMUEL L. GRAHAM, respondent agt. ROBERT L. MAITLAND, survivor, &c., appellant.

Where a *commission merchant* has, under his instructions, a *reasonable time* thereafter, within which to negotiate and effect a sale of the goods consigned, at the best possible market price, the measure of damages, to be recovered against him is the *market value of the goods during that period of time.* And such value the plaintiff is bound to establish affirmatively, by competent evidence as a part of his case.

No case can be found, where proof of a *single sale*, has been held sufficient evidence to establish the market value of the article so sold.

*General Term, March,* 1869.
APPEAL from a judgment entered on report of a referee.

EDGAR S. VAN WINKLE, *counsel for plaintiff.*
HENRY A. CRAM, *counsel for defendant.*

*By the court,* FREEDMAN, J. The referee found that the plaintiff, on the 11th day of October, 1865, instructed the defendant to sell fifty bales of cotton, consigned to and received by the defendant since the 6th day of September, 1865. The plaintiff's testimony shows that the said instruction was given by the plaintiff in a letter to the defendant, dated Pinewood, Tenn., October 7, 1865, as follows :

"I wish all this cotton sold, but insist that it should be held at the full price of middling cotton. If it will not command this price, after holding it on the market for a sufficient length of time, you will take what it will command &c., &c.," and that the plaintiff, in another letter dated from the same place, October 11, 1865, addressed the defendant as follows : "I trust you will get me a good price for this cotton ; at all events, if it is not sold when this reaches you, I wish it sold at the best price it will command, &c., &c."

The defendant, therefore, was not instructed to sell without loss of a moment's time upon the very day of the receipt of the order, but had a reasonable time thereafter within which to negotiate and effect a sale at the best possible market price, and the measure of damages consequently is the market value of the cotton during that period of time. Such value the plaintiff was bound to establish affirmatively by competent evidence as a part of his case. There is no evidence that the forty-nine bales of cotton previously sold in violation of prior instructions to hold the same, until expressly instructed to sell, were of the quality or grade denominated middling, and could be sold as such; on the contrary, the defendant showed that the said bales were of an inferior quality, termed low middling. It appears, however, that on the 21st day of October, 1865, the defendant sold for plaintiff's account four other bales of cotton, which were middlings, at fifty-eight cents per pound, and that sometimes the difference in price between middling and low middling ranged from one cent to two and a half cents per pound, according to the scarcity of the one grade or the greater quantity of the other, and from these facts alone the referee found that the market value of the forty-nine bales on the 11th day of October, 1865, was fifty-six cents per pound. There is also evidence to the effect that in consequence of advices from England the cotton market in the month of October, 1865, became very agitated and unsettled. The important question therefore arises whether upon the facts as alleged the finding of the referee in regard to said market value can be sustained. To ascertain the same, required an investigation of the actual condition of the market on the 11th day of October, 1865, and for such a short time thereafter as the defendant might have claimed as being necessary for the purpose of negotiating and effecting a sale at the best possible price. The law, in regulating the measure of damages and fixing the market value in a case of this description, contemplates a range of the entire market and the

average of prices as thus found, running through a reasonable period of time (*Smith* agt. *Griffith*, 3 *Hill*, 333).

The ordinary and proper mode of ascertaining such value is by the examination of witnesses acquainted with the market prices of the article during that time. The actual sales of the same article during said time in the market generally might, in this case, have furnished a proper standard of such value; and, in the absence of any other means to fix said value, the plaintiff might have even resorted to the opinion of witnesses dealing in the same article as formed from their general knowledge of the business (*Dana* agt. *Fiedler*, 1 *E. D. Smith*, 463; *same case*, 12 *N. Y.*, 40).

But no case can be found in the books in which proof of a single sale has been held sufficient evidence to establish the market value of the article so sold; and the difficulty in the present case is further increased by the fact that the four bales of cotton sold on the 21st day of October, 1865, were not even of the same quality.

The evidence is insufficient to sustain the finding of the referee upon this point, and the judgment entered in pursuance of said report; and the judgment, therefore, should be set aside, and a new trial ordered, with costs to abide the event, and the order of reference should be vacated.

Under these circumstances it is unnecessary to consider the other points raised by the defendant.