Roe v. Hanson.

---

ELIJAH ROE, Appellant, v. JOHN HANSON, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

In an action to recover for breach of warranty in the sale of a chattel,— *Held*, that the price for which the purchaser resold the chattel was inadmissible as evidence of value.

An objection to such evidence, as immaterial and improper, is sufficient.

No exception to a decision is necessary in a Justice's Court; it is enough that objection is made and overruled.

*Robert T. Johnson,* for appellant and plaintiff.

*Wm. Gleason,* for respondent and defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   This is an appeal from the judgment of the County Court, of Delaware county, reversing a judgment rendered by a justice of the peace, upon the verdict of a jury, in favor of the plaintiff for twenty-two dollars damages, besides costs.   The action was brought to recover damages for an alleged breach of a warranty made on the sale of two cows, the breach being as to one of said cows.   Upon the trial before the justice the plaintiff was sworn, and testified as a witness on his own behalf, and was asked the following question:   "What was the cow sold for?" The question was objected to as improper and immaterial. The objection was overruled and the plaintiff answered: "The cow was sold for forty dollars."   There was testimony in the case which established that the price paid for the cow in question was sixty dollars; and the testimony objected to and received was designed to show that the cow was of less value than the price paid.

The question allowed and answered was, I think, manifestly illegal and improper; and it furnished no criterion upon which a proper estimate of the damages could be lawfully based.   It has never been held in this State that proof of a private sale of property by one purchaser to another party was competent evidence upon the question of value.   The utmost extent to which the authorities have gone is, that the amount for which personal property was sold at auction is admissible as a circumstance to be considered upon the subject of the value of the property. (*Renaud* v. *Peck,* 2 Hilt., 137; *Crounse* v. *Fitch,* 6 Abb. Pr., N. S., 185; *Campbell* v. *Woodworth,* 20 N. Y., 499.)   There is some reason for the latter rule where property is publicly exposed for sale, and every individual has an opportunity to attend the sale and compete for the purchase.   A sale of this

Roe v. Hanson.

character, fairly conducted, is some evidence that the property bid off has been disposed of for about its actual value; while a purchase at private sale only shows what sum one of the parties interested in depreciating its value consented to sell for. The price thus realized might be fixed by fraud and connivance between the vendor and the vendee, where the former had instituted a suit to recover damages against the person of whom he had purchased, and having in view the effect which the sale might have upon the trial of the cause. Such a sale would furnish means of manufacturing testimony in favor of an interested party, and render no aid in determining the actual value of the property. It is, in fact, the act of the party in his own favor, which is never admissible as testimony.

The cases cited from the decisions in other States do not aid the plaintiff. In 7 Cushing, 166, the distinct question now presented did not arise, and it is there said that a second sale of a horse was not a good test of its value. The same rule is applicable to the property in controversy in the case at bar.

In 27 Alabama, 602, the sale of the property was at auction. Some of the cases cited sustain the doctrine that the price obtained on a private sale of the property, after the discovery of an alleged fraud, is competent testimony.

I think that the objection made to the introduction of the testimony was sufficiently specific. It was enough to state that the testimony was immaterial and improper, as it is apparent that no circumstances could obviate the objection to this species of evidence. Nor was the error of the justice merely of a technical character, which could be disregarded. Although there is other testimony as to the value of the property, and some testimony which showed a larger amount of damages than the sum found by the jury, yet there was evidence that the damages were far less than the amount found by the jury; and it is by no means clear that the evidence objected to may not have had a controlling influence upon the minds of the jury.

No exception to the decision of the justice is necessary in a justice's court, and it is enough that an objection is made and overruled to raise the question.

Some other objections were made upon the trial; but, as the justice erred in the admission of the question put, it is sufficient to sustain the decision of the County Court in the reversal of the judgment, and it is not necessary to discuss the other questions raised.

The judgment of the County Court must be affirmed, with costs.

Judgment affirmed.