By the Court.—Sedgwick, J.
The complaint alleged that one Hiram B. Cray obtained a judgment against one Appell, that execution was issued thereon ; that the sheriff under this execution levied upon and sold the property of the plaintiff, and that he was induced to this by the defendants, by means of a bond of indemnity given by them to him.
The-testimony showed that the bond was given by the defendants after levy and before sale.
An important question upon the trial related to the value of the property said to have been unlawfully taken. As to this the defendants offered in evidence the accounts of the sales made under the execution. The witness from whom the evidence was sought, was the deputy sheriff in charge of the execution and sale under it. He had been present at the sale. There was no objection that the witness had not said that the accounts were correct. This was inferentially shown by his presenting, as a witness," the accounts of the sales, in connection with his other testimony as to various details of the sale.
The respondent’s counsel argues that these accounts were allowed by the court to go to the jury, as evidence in respect of all matters stated in them, because it appears in the printed case that they were wholly read. • They do appear in full in the case, but subject to a direction vof the court (which, of course, the jury regarded), the court allowed these accounts to be read “ as descriptive of the property sold, but not as evidence of the amount it sold for.”
*230 Another witness was a purchaser of part of the property sold at the sheriff’s sale.
The defense asked him, “ What did you bid it off for ?” This question was excluded by the court. He then produced a writing which he testified was the bill of sale of the articles bought by him at that sale.
The court allowed it to be read, “holding that the same might be read as evidence of the kind, character, and number of the articles of property sold to witness.” This was a ruling in effect, that it contained no evidence as to the value of the articles mentioned in it. The defendant read it, including in the reading, the price at which the bill stated the articles sold for. Under the court’s direction, the jury could not consider this to be any evidence of value.
The defendants excepted to the rulings of the court, in regard to the accounts of sales offered in evidence through the deputy sheriff, and to the question above specified.
The rule seems to be settled that in cases like the present, “the evidence of what the goods sold for at the auction, should be received for the consideration of the jury, to be compared with the other evidence of value that might be offered, and to be allowed such weight as the circumstances 'of the sale and the degree of competition actually exhibited should entitle it to (Campbell v.Woodworth, 2 N. Y. 500 ; Dixon v. Buck, 42 Barb. 74; Gill v. McNamee, 42 N. Y. 46).
The other exceptions in the case will not be examined, as the result thus far reached makes it necessary to reverse the judgment, with costs to the appellant to abide the event.