BEATTY v. MYERS.

*Practice — on appeal from county court — appeal may be made from judgment.*

In actions originating in the county court, an appeal to the general term may be made from the judgment, and the exceptions taken on the trial in the county court may be reviewed; but on such an appeal the general term has no jurisdiction to review the verdict of the jury.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury in a county court.

The action was brought by Elijah Beatty against Augustus Myers to recover damages for slander. Sufficient facts appear in the opinion.

*Charles A. Fowler*, for appellant.

*A. Schoonmaker, Jr.*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J. This was an action for slander, originating in the county court of Ulster. The plaintiff had a verdict. The defendant moved for a new trial on the minutes, which was denied. Judgment was entered on the verdict. A case and exceptions was made and settled. From that judgment the defendant has

appealed. No appeal appears to have been taken from the order denying a new trial.

It is insisted that this court has not jurisdiction to entertain an appeal from a judgment of a county court upon a case and exceptions in the first instance; that a motion for a new trial upon the case and exceptions in the county court, and an appeal from the order granting or denying the motion, is the only way this court can acquire jurisdiction to reverse a judgment and grant a new trial on exceptions in a case tried in the county court. There is certainly great conflict of opinion among the judges upon this question in cases arising in the justices' court and afterward tried in the county court. On one side, see *Carter* v. *Werner*, 27 How. 385; *Simmons* v. *Sherman*, 30 id. 4. On the other side, see *Monroe* v. *Monroe*, 27 How. 208 ; *Boughton* v. *Mitchell*, 29 id. 68 ; *Dixon* v. *Buck*, 42 Barb. 70. I do not propose to review or in any way express an opinion as to which of this class of cases is correct. The present case is distinguishable from those, it having originated in a county court; that court, since the decisions of the former cases, having been invested, by the amended constitution, with original jurisdiction in a certain class of cases, of which this is one.

In actions so commenced, I think the practice on appeals therefrom should conform to the practice on appeals from cases tried at circuit. Such practice is warranted, if not authorized, by the Code, and should be sustained by the courts. Code, §§ 325, 330, 344, 346. Therefore, on this appeal from the judgment, the exceptions taken on the trial in the county court may be reviewed. But on this appeal this court has not jurisdiction to review the verdict of the jury. If the defendant desired a review of such verdict, he should have appealed from the order denying a new trial in the motion made upon the minutes. *Bedell* v. *Com. Mut. Ins. Co.*, 3 Bosw. 147; *Thurber* v. *Townsend*, 22 N. Y. 517.

I have carefully read the case and considered the defendant's offers of evidence, the court's charge, and the defendant's requests to charge, and the court's refusal. I do not find any error material to the case, or any thing requiring a separate discussion. The exceptions are, mostly, to immaterial matter, often trivial, and the offers of evidence seem as if intended solely to annoy and exasperate witnesses.

The judgment is affirmed.

*Judgment affirmed.*