NORTHWESTERN FUEL COMPANY *vs.* JAMES H. MAHLER.

December 9, 1886.

**Evidence—Market Price of Coal.**—The testimony of dealers in coal, as to the price at which they sold it at a given time in open market, is competent evidence of the market price at that time.

Plaintiff brought this action in the municipal court of St. Paul, to recover for goods sold and delivered.   For a counterclaim the defendant alleged that on August 6, 1885, he bought of plaintiff 15 tons of coal at $6.75 per ton, paying therefor in cash, in consideration of an agreement then made between the parties that if the price of the same grade of coal should go any lower during that month than the price so paid by defendant, the plaintiff would repay to him the difference between the amount paid by him and the lowest price reached during the month; that during the month the price of coal of the grade so bought by defendant fell to $5 per ton, and that plaintiff, though requested, has failed to pay the $26.25 due defendant under the agreement.   This counterclaim was put in issue by the reply.   The action was tried by the court, and judgment ordered and entered for defendant, from which the plaintiff appeals.

*E. R. Holcombe,* for appellant.

*William Foulke,* for respondent.

BERRY, J.   What was the lowest market price in St. Paul of coal at any time in August, 1885, after the sixth day thereof, was the substantial matter in controversy in this case.   The defendant was permitted, without objection, to show, by three persons whose business was dealing in coal, that on certain days in August, after the 6th, they sold coal as low as five dollars per ton.   One of them testified that on August 8th his house sold, in open market, eight or ten hundred tons at that price,—selling to any one, regular customer or not, who had the cash; and that on August 10th the house sold for the same price for immediate delivery.   Another of their dealers testified that on August 8th he sold about 25 tons for five dollars per

ton, to any cash customer, to be delivered as usual; adding that he sold for cash and immediate delivery. The third dealer testified that on August 8th he sold for five dollars to his own customers.

This evidence went to show that on August 8th there were two regular established dealers, whose business was selling coal, from whom, on August 8th, any person could purchase coal for five dollars cash per ton; and on the 10th one of them sold for the same price to any cash customer. Now, this was evidence, not necessarily conclusive, but fairly tending to show, to some extent, that five dollars per ton was the market price of coal on the eighth and tenth days of August; or, in other words, that at that price coal could, on those days, be bought by any one, in open market. The testimony of the third dealer had a like tendency, though perhaps weaker. *Harris* v. *Panama R. Co.*, 58 N. Y. 660; *Harrison* v. *Glover*, 72 N. Y. 451; *Douglas* v. *Merceles*, 25 N. J. Eq. 144; *Fennerstein's Champagne*, 3 Wall. 145; *Lawton* v. *Chase*, 108 Mass. 238; *Campbell* v. *Woodworth*, 20 N. Y. 499; *Crounse* v. *Fitch*, 1 Abb. Dec. 475; *Graham* v. *Maitland*, 37 How. Pr. 307; *Carr* v. *Moore*, 41 N. H. 131.

The testimony of these witnesses not being overcome by other testimony showing that the price at which they sold was not the general market price on the days mentioned, the finding of the trial court must be taken to have been supported by competent and sufficient evidence. As the case presents no other matter requiring discussion, the order denying a new trial is affirmed.