(23 Misc. Rep. 89.)

## SATHER BANKING CO. v. HARTWIG et al.

(Supreme Court, Trial Term, New York County.   March, 1898.)

1. PLEDGE OF BILL OF LADING—TRANSFER OF TITLE.
   The delivery of a bill of lading to a bank, as collateral security for the discount of a draft attached thereto, is sufficient to transfer title to the bank, subject to be devested only by the payment of the draft.

2. SAME—RIGHTS OF PLEDGOR.
   Where perishable property transferred to a bank as security for the discount of a draft attached to a bill of lading, is attached by creditors of the consignor, and sold at sheriff's sale, to prevent loss, for more than the amount of the draft, the bank is entitled, upon nonpayment of the draft, to recover the property or its market value, assessed at not more than the amount of the draft with interest.

Action by the Sather Banking Company against Louis Hartwig and others.   Judgment for plaintiff.

Van Duzer & Taylor, for plaintiff.
U. W. Tompkins, for defendants.

McADAM, J.   The action is in replevin, to recover the possession of 329 sacks of almonds shipped from California to New York, December 14, 1895, by Porter Bros. & Co., a San Francisco firm, on car No. 3,806 of the Sunset Route, Southern Pacific Company.   On the day of the shipment, Porter Bros. & Co. drew their draft on Thomas Roberts & Co., of Philadelphia, Pa., the consignees, for $1,458.33, payable to the order of the plaintiff, a California bank-

ing institution; and the plaintiff discounted the draft, taking as collateral security the bill of lading for the goods. The draft was neither accepted nor paid, whereupon the plaintiff made claim for the goods, but failed to obtain them, because Hartwig and Roberts, two of the defendants, had intercepted them on their arrival at New York, and caused them to be seized by the sheriff on attachments which they procured against Porter Bros. & Co., the consignors. The said defendants, by virtue of the attachments, and an order of the court permitting the sale of the goods as perishable property, caused the almonds to be sold by the sheriff; the two other defendants becoming indemnitors of the sheriff, and thereby making themselves liable for the wrong. Herring v. Hoppock, 15 N. Y. 409; Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261; Cow. Treat. §§ 566, 765; Van Dewater v. Gear, 21 App. Div. 201, 47 N. Y. Supp. 503. If, previous to the seizure, title to the property had passed to the plaintiff, the levy and sale under the attachments were wrongful. The delivery of the bill of lading to the plaintiff for the purpose of securing the payment of the draft drawn by the consignors upon the consignees, and which the plaintiff discounted, was sufficient to pass the title to the almonds to the plaintiff, subject to be devested only by the payment of the draft. Bank v. Daniels, 47 N. Y. 631; Bank v. Jones, 4 N. Y. 497; Gibson v. Stevens, 8 How. 384; First Nat. Bank of Syracuse v. New York Cent. & H. R. R. Co., 85 Hun, 160, 32 N. Y. Supp. 604; 4 Am. & Eng. Enc. Law (2d Ed.) 522, 545. The defendants' contention that they are not liable without proof of a personal direction to levy and sell is untenable. Ford v. Williams, 13 N. Y. 577. The giving of the bond of indemnity, and the other acts done, were for the benefit of the attaching creditors, who accepted the proceeds of sale, and approved of what had been done. Cow. Treat. §§ 566, 765; 2 Hil. Torts (2d Ed.) 312, 313. The sheriff's sale was well attended, and there was competition among dealers. The property brought thereat $1,560.43, a sum exceeding the amount of the draft, which was for $1,458.33; and this latter amount, as against the defendants, will be accepted as the fair market value of the goods. Gill v. McNamee, 42 N. Y. 45; Dixon v. Buck, 42 Barb. 70; Campbell v. Woodworth, 20 N. Y. 499; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Crounse v. Fitch, 1 Abb. Dec. 475. The plaintiff is entitled to judgment for the possession of the property claimed, assessing its value at $1,458.33, with interest. See Barnett v. Selling, 70 N. Y. 492, 494.

Judgment for plaintiff.