OLIVER C. LATIMER, Respondent, v. WALTER R. BURROWS et al., Appellants.

SALE — IMPROPER EVIDENCE OF MARKET VALUE. Where vendees interpose to an action on their promissory note, given to their vendor for a portion of a fixed quantity of merchandise to be delivered, a counterclaim for damages arising from his failure to deliver the full amount thereof, it is reversible error to permit the vendor to prove in his own favor, as evidence of its market value, that he resold the undelivered merchandise to a third party at the contract price.

*Latimer* v. *Burrows*, 15 App. Div. 625, reversed.

(Argued March 20, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 15, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Johnson* for appellants. The evidence, as to what plaintiff sold the balance of the lumber to Pierce for, was improperly received. (*Roe* v. *Hanson*, 5 Lans. 304; *People ex rel.* v. *McCarthy*, 102 N. Y. 630; *Murray* v. *G. W. Ins. Co.*, 72 Hun, 282; *Flannagan* v. *Maddin*, 81 N. Y. 623; *Matter of Smith*, 95 N. Y. 516; *Clark* v. *Vorce*, 19 Wend. 232, *Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 341; *William* v. *Fitch*, 18 N. Y. 546; *Crounse* v. *Fitch*, 1 Abb. Ct. App. Dec. 475; *Hobart* v. *Hobart*, 62 N. Y. 80.)

*W. B. Matterson* for respondent.   No error was committed on the trial in the receiving or rejecting of evidence to the prejudice of the appellants.   (2 Rice on Ev. 1308.)

MARTIN, J.   This action was upon a promissory note given for a portion of about three hundred thousand feet of lumber sold by the plaintiff to the defendants.   The answer contained a counterclaim for damages for a breach of the contract by the plaintiff, who refused to deliver the full amount of the lumber purchased.   There was a written contract between the parties, under seal.   Whether it was modified or superseded by a subsequent oral agreement was submitted as a question of fact to the jury, which found a verdict in favor of the plaintiff for the full amount of the note, with interest, thus disallowing the defendants' counterclaim.

The case was submitted upon the theory that under the evidence the jury might find that there was a modification of the contract, and a breach of the contract as thus modified, which justified the plaintiff in refusing to deliver the remainder of the lumber, but that if it found that there was no subsequent contract, then the defendants were entitled to counterclaim the damages they sustained by the plaintiff's refusal to deliver the remainder of the lumber.

It is not disclosed whether the verdict was based upon a finding that there was such a subsequent contract, or upon the ground that the defendants sustained no damages.   As it may have been upon the latter ground, the correctness of the rulings of the trial court upon the admissibility of evidence upon the question of damages is presented for our consideration.   The plaintiff was permitted to prove in his own favor that, subsequently to his refusal to deliver the lumber, he resold it to one Pierce at the same price.   This evidence was received under the defendants' objection and exception.

The general rule of damages for the breach of a contract for the sale of personal property is the difference between the contract price and its market value at the time when, and the place where, it should have been delivered, which is

generally established by the evidence of witnesses who were acquainted with its market value at the time and place of delivery. "When the property has a market value at the time and place, which can be proved by witnesses who can then and there speak of it, it must be proved by such witnesses." (*Jones* v. *Morgan*, 90 N. Y. 4, 10.) To this general rule as to the manner of establishing market value, there are some exceptions. Thus, it has been held that the price which was previously paid for property (*Hoffman* v. *Conner*, 76 N. Y. 121, 124), or for which it was sold at a public auction (*Campbell* v. *Woodworth*, 20 N. Y. 499), or the amount subsequently obtained on a private sale between other parties (*Parmenter* v. *Fitzpatrick*, 135 N. Y. 193), is some evidence of value. But we find no exception which authorizes a defaulting vendor, as evidence in his favor, to prove the price for which he subsequently resold the property at a private sale. The authorities upon that question are quite to the contrary, and to the effect that the price for which the property is resold by the party is not admissible in his favor as evidence of its market value. (*Roe* v. *Hanson*, 5 Lans. 304; *People ex rel.* v. *McCarthy*, 102 N. Y. 630; *Matter of Thompson*, 127 N. Y. 463, 467; *Flannagan* v. *Maddin*, 81 N. Y. 623.)

That the evidence objected to should have been excluded seems obvious. It was in effect admitting in his favor proof of the plaintiff's own act, or an act to which he was an essential party. If such evidence was admissible, a party might establish the extent of the liability of another, or the absence of liability on his part, by proving his acts with a third person, as to which the other party could produce no proof. It is clear that a party may not prove his self-serving declarations in his own behalf. Upon the same principle we think he cannot prove his self-serving acts in his own favor. In all the cases to which our attention has been directed, where a contrary doctrine is even suggested, the circumstances were totally unlike those in the case at bar. This court decided nothing in *Parmenter* v. *Fitzpatrick* (135 N. Y. 190), or in

*Matter of Johnston* (144 N. Y. 564) which would justify the rulings complained of. There the proof was not of the act of a party as evidence in. his own favor, but proof of his acts was given as evidence against him, and hence the present case is clearly distinguishable from the cases mentioned. Moreover, the circumstances in those cases were peculiar, rendering it difficult to prove the value under the general rule. Not so in this case. Here there was no difficulty in establishing the market value of the lumber in the ordinary way.

It is evident that the rulings of the trial court were not only erroneous but very damaging to the defendants. With proof that the plaintiff resold the lumber at the same price, it would be quite natural for a jury to conclude that no damages were suffered by the defendants. That a vendor, after breaking his contract and becoming liable therefor, can protect himself from its consequences by proof of a resale at the same price, is contrary to reasonable and well-established principles which lie at the foundation of the law of evidence. The self-serving acts of a party, like his self-serving declarations, ought not to be received as evidence in his own favor, certainly not, unless under peculiar and very exceptional circumstances. A contrary rule would enable a party to manufacture evidence by a second sale at the same price, thus losing nothing, but at the same time furnishing proof which might deprive the purchaser of the fruits of an advantageous bargain. Indeed such sales might be fraudulent and collusive, but, being private and between parties with an interest to suppress their true character, the purchaser would be unable to establish it. We can easily imagine a case where a vendee. would be able to furnish but little proof of value, and the vendor might succeed in depriving him of any remedy for his loss by evidence thus created. A rule which may be fraught with such consequences should not be maintained. It is obvious that the transaction involved in this case is surrounded by no conditions or circumstances which would justify a departure from the ordinary rule as to proving value and that the usual method should be adopted rather than such as necessity

may have required in peculiar and exceptional cases. We think the court erred in admitting this evidence, that it cannot be said that the error was harmless, and that the judgment should be reversed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.·