## BEGRISCH-SCHORN REALTY & CONSTRUCTION CO. v. SOEN-
NECKEN et al.

### (Supreme Court, Appellate Term. May 29, 1907.)

CONTRACTS—ACTIONS FOR BREACH—EVIDENCE—ADMISSIBILITY.

In an action for breach of a contract to furnish and place steel frame-
work for a building, where the question was whether the plans as sub-
mitted to defendant called for steel floor beams, testimony of the persons
to whom the plans were submitted by defendant's bookkeeper, who re-
ceived them from plaintiffs, for an estimate of the cost, that the steel floor
beam sheet was missing from the plans when submitted to them, was im-
properly admitted.

Appeal from City Court of New York, Trial Term.

Action by the Begrisch-Schorn Realty & Construction Company
against Gustave Soennecken and another. From a judgment for de-
fendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
BRADY, JJ.

Carrington & Pierce (Carlton B. Pierce, of counsel), for appellant.
Edward Herrmann, for respondents.

BRADY, J. The plaintiff company was in 1906 engaged in the business of erecting, as owner, apartment houses in the borough of the Bronx, in the city of New York, and the defendants were at that time engaged in business as manufacturers of iron work for buildings. On March 12, 1906, the defendants submitted to the plaintiff the following letter.

"New York, March 12, 1906.

"The Begrisch-Schorn Realty & Construction Co.—Gentlemen: We propose to furnish and set the iron work for the three five-story apartment houses on N. S. of Freeman St., east of Stebbins Ave., according to plans and specifications prepared by Messrs. Neville & Bagge, architects, for the sum of six thousand six hundred dollars ($6,600.00).

"Yours Resp. Soennecken & Lenges."

The plaintiff accepted the bid as contained in said letter, and thereupon a contract in writing was executed by both plaintiffs and defendant for the performance of said work. The written contract contained many provisions not material to be considered for the determination of the issues here, but contains the following:

"The contractors shall complete the several portions, and the whole of the work comprehended in this agreement, by and at the time or times hereinafter stated, to wit: Upon receiving written notice from the owner that the walls of any or all or any one of the buildings herein contracted for are completed and ready to receive the first tier of steel beams, said contractors shall commence work within 24 hours after receiving such notice, and place said first tier of beams upon said walls, and have the entire first tier of beams laid upon said walls, within one working day."

The defendants refused to proceed with the performance of work under said contract, claiming that the plans and specifications furnished them by plaintiff for the purpose of performing the work differed from those furnished them by plaintiff for the purpose of making their estimate of cost, in that a sheet marked "I Steel Floor Beams," and showing specifications of the first tier of steel beams, was not part of the former plans and specifications, and that the defendants, consequently, did not include steel floor beams in their estimate. The contract was relet for $7,400, and plaintiff sues for the difference.

Philip Lenges, one of the defendants, testified that on March 4th, pursuant to a conversation previously had, Mr. Schorn, one of the plaintiffs, left certain plans at defendants' place of business with Mr. Webber, defendants' bookkeeper, during defendant's absence; that when Lenges came to his office Webber handed him a set of plans which had been left by Schorn; that these plans did not contain the steel floor beam sheet; that he then estimated on the plans as he found them, and sent to plaintiff the estimate for $6,600 above referred to. John Webber, the defendants' bookkeeper, testified that about March 1, 1906, he received from Mr. Schorn certain plans, with a request for an estimate; that the steel beam sheet was not with them; that he assisted Mr. Lenges in preparing an estimate; that he submitted the plans in exactly the same form in which he received them (minus the steel floor beam sheet) to one Pluckman for

an estimate on the cost of setting; that he had never taken them apart; that they were tacked together, and he only opened them out flat, so that he could see every part of them. He also testified that he showed the same plans to Mr. Hall in the same condition as when he received them from Mr. Schorn. For the purpose of showing that the steel floor beam sheet was missing from the plans when submitted for estimate, the learned trial justice permitted the defendants to introduce, over the objection and exception of the plaintiff, the testimony of two witnesses, viz., Pluckman and Hall, to whom the plans had been submitted by Webber for an estimate as to the cost of setting. Pluckman was asked what plans and specifications he saw and figured on. This question was objected to by plaintiff as irrelevant. The court stated that he would allow the question. Plaintiff's counsel stated that the fact that there was not a steel beam plan there when the witness saw it is no evidence as to what plaintiff gave the defendants. The court stated that it was not conclusive, but it might be some evidence as to whether the plan in question was there or not. Plaintiff duly excepted. The witness thereupon testified that he saw the plans on March 4, 5, or 6, 1906, and made an estimate on March 8th, and the floor beam sheet was not there with them. Bernard Hall, who made an estimate on the cost of setting, gave similar testimony, under similar rulings of the court, and over plaintiff's objection and exception.

The testimony of these two witnesses was offered and admitted for the express purpose of strengthening defendants' evidence that the sheet was not present when they made their estimate. We believe it was clearly incompetent, and had no legal bearing on the circumstance sought to be proven, and was of no greater materiality than would have been testimony that the defendants informed the witnesses, in the absence of plaintiff, that the sheet was originally missing. Latimer v. Burrows, 163 N. Y. 9, 57 N. E. 95. The testimony, however, may have had great weight with the jury, to the injury of the plaintiff, as under the charge of the learned court the only question submitted to the jury was whether or not the sheet was missing when defendants' estimate was made.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.