WILLIAM FLINN and Others, Respondents, *v.* GILBERT J. SPRINGSTEEL, Appellant.

Second Department, May 14, 1920.

**Conversion — evidence — admissibility of evidence as to price received by defendant on sale of property.**

In an action for conversion, the defendant, after giving evidence of his efforts to sell the property in question, may show the price he received as some evidence of the market value of the property.

PUTNAM and JAYCOX, J., dissent, with memorandum.

APPEAL by the defendant, Gilbert J. Springsteel, from a judgment of the County Court of Westchester county in favor of the plaintiffs, entered in the office of the clerk of said county on the 24th day of July, 1919, upon the verdict of a jury rendered by direction of the court after a trial at the Westchester Trial Term, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes in an action to recover damages for the conversion of certain steel rails.

*Frederick W. Clark,* for the appellant.

*John Ambrose Goodwin,* for the respondents.

RICH, J.:

The Pittsburgh Contracting Company, from whom plaintiffs acquired the rails in January, 1915, had contracted for the construction of that portion of the Catskill aqueduct known as contract 52 at Elmsford, N. Y. The construction plant was removed after the completion of the work in September or October, 1915, and the company paid defendant, who had acquired the property in April, 1915, for the privilege of storing it until it could be loaded and shipped. A construction railroad had also been laid for the purpose of conveying materials used in the work, and defendant removed and sold a portion of the rails, amounting to about fifty-five long tons.

Upon the trial proof was offered on the part of the plaintiff tending to show the market value of the rails at the time of conversion. To meet this, after defendant had testified to

the efforts he had made to sell the rails, he offered to show the price he received for them upon the sale, and this evidence was excluded. We think this was error. (*Parmenter* v. *Fitzpatrick,* 135 N. Y. 190.) While this evidence was by no means conclusive as to the market value of the rails, nevertheless it was some evidence of their value which the jury might properly have considered. (*Bowdish* v. *Page,* 81 Hun, 170; affd., 153 N. Y. 104.) It follows, therefore, that the judgment and order must be reversed and a new trial ordered, with costs to abide the event.

Mills and Kelly, JJ., concur; Putnam, J., votes for affirmance on the ground that the action of the trial justice in excluding the evidence of the defendant's own testimony of the private sale made by him was in accordance with the rule of *Latimer* v. *Burrows* (163 N. Y. 7), and that no reversible error in the record appears, with whom Jaycox, J., concurs.

Judgment and order of the County Court of Westchester county reversed and new trial ordered, with costs to abide the event.