GEORGE W. GROVES, Appellant, *v.* GUY S. WARREN, Respondent.

**Conversion — counterclaim that defendant had interest in goods which should be deducted·cannot be interposed — when plaintiff cannot on appeal raise question that charge, sustaining defendant's claim, was erroneous — evidence as to value of goods — erroneous admission of testimony that subsequent to conversion defendant sold goods for certain amount.**

In an action for conversion the only issue was as to the value of the goods converted by the defendant, who claimed he was entitled to a certain interest in the goods which should be deducted from any amount determined by the jury as to the value of the goods, and the court so charged. Plaintiff's attorney took exception "to the sub-

mission of the question of the counterclaim to the jury and whatever you said on that." *Held*, that the exception was inadequate to present the question. Subsequent to the conversion defendant sold the goods at private sale for a certain sum. *Held*, that evidence of such sale upon the question of value is incompetent.

*Groves* v. *Warren*, 193 App. Div. 917, reversed.

(Argued February 3, 1922; decided March 14, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 16, 1920, unanimously affirming a judgment in favor of defendant entered upon a verdict.

*Martin S. Lynch* for appellant. The incompetent evidence of the price obtained at private sale of the property converted by the defendant cannot be disregarded under section 1317 of the Code of Civil Procedure. The error was substantial. The reception of this evidence under the objection and exception of the plaintiff requires a reversal. (*Starbird* v. *Barrens*, 43 N. Y. 200; *Bird* v. *Gillett*, 47 N. Y. 186; *Capron* v. *Thompson*, 86 N. Y. 418; *Williams* v. *Fish*, 18 N. Y. 546; *Foote* v. *Beecher*, 78 N. Y. 155; *Worrall* v. *Parmalee*, 1 N. Y. 519; *Latimer* v. *Burroughs*, 163 N. Y. 7; *Roe* v. *Hanson*, 5 Lans. 304; *Matter of Thompson*, 127 N. Y. 463; *Flannagan* v. *Maddin*, 81 N. Y. 623; *People* v. *McCarthy*, 102 N. Y. 639.) The charge of the trial court to the jury wherein the jury were instructed to allow to the defendant $754.93 and to find a verdict for the difference between that sum and the value of the goods taken, for or against the plaintiff, was reversible error. (*Groves* v. *Warren*, 226 N. Y. 459; *Fleming* v. *Gilbert*, 3 Johns. 527; 2 Parsons on Cont. 523; *Rosenthal Paper Co.* v. *Nat. F. B. & P. Co.*, 175 App. Div. 610; *Oakley* v. *Morton*, 11 N. Y. 25; *Patterson* v. *Myerhofer*, 204 N. Y. 96.)

*Frederick E. Hawkes* for respondent. It was not reversible error to allow defendant to testify as to the price for which he sold the goods converted. (*Jones* v. *Morgan,* 90 N. Y. 4; *Stengel* v. *Hewitt,* 37 Misc. Rep. 670; *Moore* v. *Potter,* 155 N. Y. 481; *Bowdish* v. *Page,* 81 Hun, 170; 153 N. Y. 104; *Ackerman* v. *Rubens,* 167 N. Y. 405; *Montignani* v. *Crandall,* 34 App. Div. 228; *Earl* v. *Lefler,* 46 Hun, 9.)

HOGAN, J. The plaintiff in this action sought to recover damages for an alleged wrongful conversion of personal property. Two trials of the action have been had. Upon the first trial plaintiff was nonsuited upon the ground that the contract between the parties was executory. The judgment was affirmed by a non-unanimous decision by the Appellate Division. Upon appeal to this court (226 N. Y. 459) the judgments below were reversed and a new trial granted. We held that the contract which was set forth in the opinion of this court, and consequently may be omitted here, was an executed contract and that defendant upon the record had unlawfully converted the goods, to recover for which the action was brought.

Upon the trial under review, the trial justice charged the jury that on the 28th day of February, 1916, plaintiff was entitled to the possession of the goods remaining unsold under the contract, and on that day defendant converted the same. The sole question remaining for consideration was the value of the goods.

Two propositions are urged by appellant: *First,* that the trial justice committed error in his charge to the jury that defendant was entitled to an interest in the goods of $754.93 when he took the goods away and directed that such sum should be deducted from any amount they determined as the value of the goods. In support of such alleged error, counsel argued that the contract having been executed and plaintiff thereby being the

1922.] Opinion, per HOGAN, J. [233 N. Y. 160]

owner of the goods converted, that any amount due from plaintiff to defendant on account of the purchase price of said goods was not a proper subject of counterclaim in the tort action. Upon the trial evidence was adduced as to the amount due defendant from plaintiff without objection and as matter of fact the amount was conceded by counsel for plaintiff. Though plaintiff's attorney at the close of the charge to the jury took exception " to the submission of the question of the counterclaim to the jury and whatever you said on that," the proposition now urged was not saved to plaintiff upon the trial by proper objection and exception, and, therefore, cannot be considered on this appeal.

The second proposition argued by counsel presents error in the admission of evidence duly objected to and exception noted to the ruling of the trial justice. Defendant, as a witness, was permitted to testify that subsequent to the conversion he sold the goods at private sale for the sum of six hundred dollars. The trial justice admitted the evidence " solely as some evidence of value."

The evidence was incompetent for any purpose (*Latimer v. Burrows*, 163 N. Y. 7), and upon the record we cannot say that the evidence was harmless to plaintiff.

The judgments should be reversed, and new trial granted, costs to abide event.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.