■ HELEN MANDAKIS, Appellant, v. ALEXANDER KAHN et al., Respondents.— In an action to recover damages for the conversion of a business and related fixtures, utensils and supplies, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered June 19, 1970, in her favor after a nonjury trial. Judgment modified, on the law, by increasing the monetary award to plaintiff to $7,500 plus interest thereon from January 31, 1969 and increasing the total recovery accordingly. As so modified, judgment affirmed, with costs to appellant. Plaintiff and her husband purchased a restaurant business, assuming their vendor's lease. After about two years of operation, plaintiff's husband left her in sole possession of the business. She closed it up, but took an assignment of the lease from her husband, and remained in possession. Defendant landlords re-entered under a provision of the lease which would permit such re-entry upon the tenant's abandonment of the property.

The trial court found, and we agree, that there had been no abandonment by plaintiff and hence the re-entry was unlawful. After re-entry, defendants sold the restaurant assets for $7,500 on January 31, 1969, admitting that they had neither taken nor added anything from or to the premises between the day of re-entry and the sale. The trial court found that certain items were not included in the sale, and that the property sold belonged to plaintiff, and awarded her possession of a television, an air conditioner and a pool table, plus $2,000, without stating its rationale for the relief granted. Upon proof that plaintiff's personalty was sold by defendants, unlawfully, for $7,500, absent any other valuation offered by plaintiff, we think she was entitled to this sum. Where the value of converted goods is not known, the damages may be determined by the amount realized from an unlawful sale (*Comstock* v. *Hier*, 73 N Y 2d 269; *Flinn* v. *Springsteel*, 191 App. Div. 769; 10 N. Y. Jur., Conversion, § 71). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.