### BEATY *vs.* SWARTHOUT and SMITH.

Under the general denial in an answer, authorized by the code, evidence of a distinct affirmative defense is not admissible. The only evidence which the defendant is entitled to give, in such a case, is limited to a contradiction of the plaintiff's proof, and to the disproval of the case made by him.

Hence, where, in an action for an unlawful taking and conversion of property, the defendant, under a general denial in his answer, offered to prove that he took the property as sheriff, under and by virtue of an execution, by and with the consent of the plaintiff, who drove the property to the place of sale, and actually bid on it at the sale ; *Held* that this evidence, not being offered for the purpose of disproving the *taking*, but to *justify* the taking by showing a *license*, was not admissible.

Where a party is in possession of property, claiming it as his own and proves a sale thereof to him by the former owner, sufficient as between them, to pass the title, this is sufficient proof of property to entitle him to recover against a wrongdoer, for taking and converting it.

And if, in such an action, the defendant justifies the taking, as sheriff, by virtue of an execution, he will not be allowed to show that the sale of the property to the plaintiff was fraudulent, without prior proof of a lawful execution.

APPEAL from an order made at a special term, denying a motion for a new trial. The action was for the wrongful taking and conversion of a cow, horse, wagon and other personal property. The answer denied the complaint, and every part of it, and also set up that the property was the property of James Beaty ; that George Youngs had obtained a judgment in the supreme court against James Beaty ; that Swarthout, the defendant, was the sheriff of Schuyler county, and that he took the property by virtue of an execution issued on said judgment ; and that Smith, the other defendant, acted in aid of the officers. The plaintiff obtained a verdict at the circuit. The defendants, on a bill of exceptions, moved for a new trial at special term, which motion was denied, and the defendants appealed.

*D. J. Sunderlin*, for the appellant.

*D. B. Prosser*, for the respondent.

*By the Court,* E. DARWIN SMITH, J.   The decision of the court of appeals in the case of *Lanning* v. *Carpenter,* (20 *N. Y. Rep.* 447,) disposes of most of the questions raised upon the trial of this action.   The only point seriously urged upon the argument arises upon the offer to prove that the defendant, as sheriff of the county of Schuyler, took the property in question by virtue of the execution mentioned, by and with the consent of the plaintiff, and that the plaintiff drove the property to the sale and actually bid on it, at the sale.   This offer was objected to, on the ground that no such defense was set up in the answer, and the objection sustained, and the defendant's counsel duly excepted.   Under the general denial of the code, evidence of a distinct affirmative defense is not admissible.   The only evidence which the defendant is entitled to give, under such general denial, is limited to a contradiction of the plaintiff's proof and to the disproval of the case made by him.   The action is brought for an unlawful taking of the property in dispute.   The claim made in the complaint is that the plaintiff, being the owner and possessor of such property, the defendants at the time &c. *unlawfully took* the said *property from the plaintiff and converted the same to their own use.*   Under the former system the action would have been called *trespass de bonis,* &c.   Replevin in the cepit also would have lain, upon the allegations in this complaint. The plaintiff, to maintain the action, must necessarily prove a *taking.*   Such proof was given, and the plaintiff made out a clear case of the taking of this property by the defendant under and by virtue of an execution against James Beaty, the father of the plaintiff, and under an express claim to take the same on such execution.   The taking proved was prima facie tortious.   Such must be any and every taking from the possession of another, presumptively, until the contrary appears.   The plaintiff was not bound in the first instance to prove any thing more than a formal actual taking of the property from his possession.   Such taking the defendant was called upon to *justify.*   If he could prove that the

Beaty *v.* Swarthout.

taking complained of was *by and with the consent of the plaintiff*, this would have been a perfect defense, for there obviously can be no trespass in taking a man's property by and with his *express consent*. *Volenti non fit injuria.* But this proof was not directed to disprove the *taking* of the property, but to *justify such taking*. It was directed to prove a *license*, which was always pleaded specially in the action of trespass, and was not provable under the general issue. (*Chitty's Plead.* 494. 2 *Camp.* 378. *Phil. Ev.* 507, 10*th ed.*) The decision of the court was clearly right upon this question. The other exceptions, I think, were properly disposed of at special term. The defendant was undoubtedly entitled to contradict James Beaty, and disprove the plaintiff's title to the property, but that was not really what he proposed, to any practical purpose. The offer to show that the property was not the property of the plaintiff, and to contradict Beaty, were doubtless understood by the circuit judge, and intended by counsel, as an offer to show that the sale from James Beaty to the plaintiff was fraudulent. This the defendant was not entitled to do, without prior proof of a lawful execution ; and this was the view taken of this question in the charge of the judge, which on this point was not excepted to, and was clearly right. The plaintiff was in possession of the property, claiming it as his own, when it was levied on, and proved a sale of it to him by his father, sufficient as between them, to pass the title. This was clearly sufficient proof of property to entitle him to recover against a wrongdoer. The application to amend by inserting a supplemental answer was properly denied. It was not such an amendment as should be made at the circuit. It was, in any point of view, an application addressed to the discretion of the judge, in respect to which no exception could be taken. The case was rightly disposed of at the circuit, and a new trial should be denied.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox,* Justices.]