Payn Bigelow, Appellant, *v.* George Hall, Respondent.

*It seems* that a witness may, for the purpose of refreshing his recollection, use any memorandum made at the time of a transaction as to which he is called upon to testify, whether it was made by himself or another; the memorandum itself, however, is not evidence.

Where, however, a memorandum is made by the parties to a transaction jointly, a portion having been written by one and a portion by the other, it, being part of the *res gestæ*, is admissible as evidence.

(Argued December 16, 1882; decided January 23, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1881, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage. The defense was usury. The facts material to the question discussed are stated in the opinion.

*Charles B. Sedgwick* for appellant. A witness cannot be permitted to read a memorandum in evidence unless it appears that he was unable with the aid of the memorandum to speak from memory as to the facts. (*Russell* v. *H. R. R. R. Co.*, 17

N. Y. 134, 139–40; *Halsey* v. *Sinsebaugh*, 15 id. 485; *Gray* v. *Mead*, 22 id. 462, 466; *Peck* v. *Martin*, 15 Hun, 470; *Wilde* v. *Hexter*, 50 Barb. 448; *McCormick* v. *Penn. R. R. Co.*, 49 N. Y. 303, 315; *Howard* v. *McDonough*, 77 id. 592; 29 Barb. 186; 6 Duer, 437; *Thurman* v. *Mosher*, 1 Hun, 344; *Gilchrist.* v. *Brooklyn*, 59 N. Y. 498.)

*John C. Hunt* for respondents. The ruling made by the court, that if the witness made the memorandum and can't recollect the items without reference to the paper, he can read the paper, is correct. (*Halsey* v. *Sinsebaugh*, 15 N. Y. 488, 489; *Guy* v. *Mead*, 22 id. 462; *Marchy* v. *Schults*, 29 id. 346; *McCormick* v. *Penn. R. R. Co.*, 47 id. 315; *Wilson* v. *Knapp*, 70 id. 597; *Howard* v. *McDonald*, 77 id. 592, 593.)

MILLER, J. Upon the trial of this action the defendant Hall was called as a witness and examined in his own behalf, and testified among other things that the consideration of the mortgage consisted of various items, and to these was added a bonus of $150, which with the other items constituted the amount of the mortgage. This bonus, it was stated, was the usurious consideration. He also testified that there was a memorandum of the items, made at the time and place of the transaction, some of the figures of which were in his handwriting and others in the handwriting of the plaintiff, which memorandum was produced, delivered to the witness and identified by him. The following proceedings took place in regard to it: The counsel for the plaintiff said, "I object to that paper." The court held that it was not evidence of itself, but the witness could use it, however. The counsel for the plaintiff said, "He can use it to refresh his recollection, I suppose." The defendant's counsel then put the following question, "State how the $3,000 was made up?" The witness answered, "Here is a cash item of ———." Counsel for the plaintiff objected to his reading that paper and the witness said, "I merely do it to refresh my memory, to get at the items." Counsel for the plaintiff then said, "You must swear

to it independent of the paper." The judge held, "If he made the memorandum and can't recollect the items without reference to the paper, he can read the paper." To this ruling and decision the plaintiff's counsel excepted. The witness then read the items from the paper.

It will be noticed that the judge did not hold distinctly that he could read the paper in evidence, but, construing what he said literally, it will bear the interpretation in connection with what previously transpired and particularly what was said by the witness, that he might read it himself to refresh his memory, to get at the items. The rule is no doubt well settled in this State that a witness for the purpose of refreshing his memory may use any memorandum made at the time of a transaction in regard to which he is called upon to testify, whether made by himself or another, and when his memory has been refreshed, he must testify to facts of his own knowledge, the memorandum itself not being evidence. Within this rule it is not apparent that the judge erred in holding that the witness could read the items from the memorandum for the purpose of refreshing his memory; he did not say he could read it in evidence, nor was the memorandum introduced in evidence of itself, the items only were read and there is no statement in the case that any thing more was done. It is true it was stated in the case, the witness reads the items; stating them, but it nowhere appears that the paper itself was introduced as an independent piece of testimony.

Under these circumstances and regarding what would ordinarily be considered as part of the proceedings of the trial it is not clear that the memorandum itself was introduced in evidence, and if it was not, no error was committed by the judge in his rulings. It may also be observed that if the evidence of the witness went beyond the ruling of the judge, that he might read the items, and in this form the memorandum became evidence by such reading and a part of his testimony, instead of his swearing to the facts within his own knowledge, after his memory had been refreshed, such evidence was not objected to by the defendant's counsel. It is, at least, very

questionable as the case stands, whether the distinct point was made as to the introduction of the memorandum as evidence. Be that as it may, however, the memorandum was made, according to the testimony of the defendant, at the office of the plaintiff at the time of the transaction and in the presence of both the parties, and the figures were put on at the time, part of them in the handwriting of the defendant, and part in the handwriting of the plaintiff.

The plaintiff swears that some of the figures are in his handwriting, but whether they were made at the time he does not know. Taking this testimony as it stands there was evidence to show that the memorandum thus made constituted a part of the *res gestœ* and hence, as the act of both parties in connection with the transaction, it was admissible on that ground.

There being no error the judgment should be affirmed.

All concur.

Judgment affirmed.