WILLIAM McKINLEY et al., Appellants, *v.* PETER BOWE, as Sheriff, etc., et al., Respondents.

A sheriff and his indemnitors, sued for trespass in levying upon personal property, the legal title to which is in plaintiff, under an execution against the person from whom plaintiff acquired title, may not attack the transfer for fraud without proving a judgment against the transferrer.

(Argued June 13, 1884 ; decided October 21, 1884.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made May 3, 1882, which affirmed a judgment in favor of defendants entered upon an order dismissing plaintiffs' complaint on trial.

This action was trespass. The complaint alleged the levying upon and sale of a lathe, the property of plaintiff, by defendant Bowe, as sheriff, by virtue of an alleged execution against one Carpenter, issued to him by the other defendants, and under their direction.

Plaintiffs claimed title under a chattel mortgage executed by Carpenter, and a foreclosure and sale thereunder.

The material facts appear in the opinion.

*Artemas B. Smith* for appellants. The chattel mortgage in evidence was presumptively valid in favor of plaintiffs. (3 R. S. [6th ed.] 143, §§ 5, 6 ; *Clute* v. *Fitch*, 25 Barb. 428 ; Code of Civ. Pro., § 522 ; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y. 564-567.) An actual removal of the mortgaged lathe from the Secor Iron Works was not necessary to effect a lawful delivery or continued change of possession of it. (*Wylie* v. *Marine Nat. Bk.*, 61 N. Y. 417 ; Jones on Chat. Mort., § 183 ; *Nash* v. *Ely*, 19 Wend. 523 ; *Goodwin* v. *Kelly*, 42 Barb. 194 ; *Clute* v. *Fitch*, 25 id. 428 ; *Gaar* v. *Hurd*, 92 Ill. 325 ; *Wright* v. *Tilton*, 99 Mass. 400.) The court erred in not submitting the question as to fraudulent intent to the jury. (3 R. S. 145, part 2, chap. 7, tit. 3, § 4 [Banks' 6th ed.]; *Syr. C. P. Co.* v. *Wing*, 85 N. Y. 426 ; *Matthews* v. *Rice*, 31 id. 457 ; *Case* v. *Phelps*, 39 id. 167 ; *Clark* v. *Wise*, 46 id. 614 ; *Vance* v. *Phillips*, 6 Hill, 433–436 ; *Butler* v. *Van Wyck*, 1 id. 438 ; *Prentiss* v. *Slack*, id. 467 ; *Fuller* v. *Acker*, id. 473 ; *Shoemaker* v. *Hastings*, 61 How. Pr. 98 ; Jones on Chat. Mort., § 183 ; *Gaar* v. *Hurd*, 92 Ill. 325.)

*Edward W. Crittenden* for respondent Bowe. The law presumes identity of person from identity of name. (*People, ex rel. Haines*, v. *Smith*, 45 N. Y. 772.) Even if the mortgage was filed it would still be held presumptively fraudulent as to creditors unless there was an actual change of possession. (*State* v. *Benham*, 84 N. Y. 634.)

*F. E. Dana* for respondents Carmichael *et al.* The chattel mortgage was presumptively fraudulent and void as against the creditors of the mortgagor because there was not an immediate delivery followed by an actual and continued change of possession of the mortgaged property. (3 R. S. [6th ed.] 143, §§ 5, 6, 9 ; *Ford* v. *Williams*, 24 N. Y. 359 ; *Groat* v. *Rees*, 20

Barb. 26 ; *Otis* v. *Sill*, 8 id. 102 ; *Wood* v. *Lowrey*, 17 Wend. 492 ; *Smith* v. *Acker*, 23 id. 653 ; *Hanford* v. *Acker*, 4 Hill, 271 ; *Thompson* v. *Van Vechten*, 5 Abb. 458 ; *Fraser* v. *Gilbert*, 11 Hun, 634 ; *Dutcher* v. *Swartwood*, 15 id. 31 ; *Steele* v. *Benham*, 84 N. Y. 634.) A purchase of the property by the mortgagee at the foreclosure sale is not such a sale and purchase as bars the mortgagor's equity of redemption or limits the amount at which the property shall be applied on the mortgage. (*Pulver* v. *Richardson*, 3 T. & C. 436 ; *Fraser* v. *Gilbert*, 11 Hun, 634 ; *Buff. S. E. Works* v. *Sun Ins. Co.*, 17 N. Y. 403.) The delivery and change of possession required by the statute must be actual and not constructive or legal. (*Steele* v. *Benham*, 84 N. Y. 634 ; *Porter* v. *Varmley*, 52 id. 185 ; *Otis* v. *Sill*, 8 Barb. 122 ; *Hale* v. *Sweet*, 40 N. Y. 97 ; *Crandall* v. *Brown*, 18 Hun, 461.) If a party wishes to rely upon an admission in a pleading to establish a fact he must accept the whole and be bound by it, or disprove part of it. (*Gildersleeve* v. *Landon*, 73 N. Y. 609 ; *Mott* v. *Consumers' Ice Co.*, id. 543 ; *Bearss* v. *Copley*, 10 N. Y. 93 ; *Goodyear* v. *De la Vergne*, 10 Hun, 557.)

*Per Curiam.* The right of the defendants to their judgment assailed on this appeal rests entirely upon their right to contest the validity of plaintiff's mortgage and his title acquired thereunder. The defendant Bowe was a trespasser, if, on an execution against Carpenter, he took the property of McKinley ; and the other defendants are equally liable since they indemnified the officer and directed the taking. Their attack upon McKinley's title is founded wholly upon the presumptions of fraud arising from the lack of an actual change of possession of the lathe mortgaged and afterward sold to plaintiffs. Whether the court were right in holding that there was no such actual change, or whether there was such dispute upon the facts as required a submission to the jury, we need not and do not now determine, for we have reached the conclusion that the defendants were not in a position to attack the transfer for fraud since they did not show themselves to be creditors of Carpenter, and

prove a judgment against him.   The only answer made to this difficulty is that the plaintiffs gave no proof of a taking by the defendants, and were obliged to make out their case by resort to admissions of the answer which admitted, not a wrongful, but a rightful taking by virtue of a judgment and execution against Carpenter, which are fully set out in the pleading.   If the plaintiffs made no case without resort to the answer to prove the taking, there is great force in the contention that they must take the admission as it was made, and not dismembered, and with a choice of the fragments.   But it is not necessary to decide that question, since, wholly independent of that admission, there was evidence enough to have warranted a jury in finding a taking by the defendants.   Bowe, it is conceded, was sheriff of the city and county of New York at the time of the alleged taking.   On the 18th of January, 1881, notice in writing was served upon him asserting the title of the plaintiffs to the lathe, and demanding its possession.   On the next day the sale took place in the presence of plaintiffs' attorney, who found on the premises, beside the auctioneer, a person who represented himself to be the defendants' attorney, and also a deputy sheriff, and Mr. Emmens, one of the defendants.   Discussion followed between the plaintiffs' attorney and the attorney of the defendants, in which the sale by the latter was disputed and forbidden.   A similar discussion was had with the defendant Emmens. When the auctioneer offered the lathe for sale, the plaintiffs' attorney again interposed, claiming title and forbidding the sale.   One of the defendants nodded to the auctioneer and he announced, " I want you all to understand that if we sell this machine, whoever buys it will get a good and absolute title to it."   It was knocked down to the defendants, "and the auctioneer said it was sold to Carmichael & Emmens."   The deputy sheriff, it is admitted, had an " alleged execution " in his hands against Carpenter, and in favor of Carmichael & Emmens, by whom the sheriff had been indemnified.   The proof shows that the deputy sheriff made preparations for the sale, and " began the sale."   In all this there was quite enough to charge all the defendants with a trespass without the least reference to

the admission of a taking contained in the sheriff's answer. The plaintiffs' case, therefore, was made, and until the defendants put themselves in the position of creditors by competent proof, they could not assail plaintiffs' title as fraudulent. The judgment rendered, therefore, was erroneous. Both parties tried the case as if they were equally afraid of the truth. The defendants omitted to prove their judgment, and the plaintiffs gave no evidence showing the consideration of their note secured by the mortgage. On a new trial it may reasonably be hoped that all the facts will be disclosed, and the real merits of the controversy become apparent.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except RAPALLO, J., absent.

Judgment reversed.