ELIZABETH CARTER, APPELLANT, *v.* PETER BOWE, SHERIFF, ETC., AND OTHERS, RESPONDENTS.

*Evidence — when a judgment in favor of the bondsmen, who have indemnified a sheriff, bars an action against him — right to prove that a mortgage was fraudulent, under an answer denying the title of the mortgagee — right of a witness to consult a memorandum — irrelevant matters tending to prejudice the jury against the plaintiff should not be received.*

This action was brought to recover the value of goods, claimed to belong to the plaintiff by virtue of one mortgage executed to her by her husband, and under another mortgage executed by the husband to a third person and assigned by such third person to her, against the sheriff who had seized the property under

an execution issued upon a judgment recovered against the husband. Upon the trial it appeared that in a former action, brought by the present plaintiff to recover a portion of the same property against the persons who had given a bond to indemnify the sheriff for the seizure and sale of the property under the said execution, a verdict had been rendered in favor of the defendants.

*Held*, that this judgment was a bar to the present action to the extent of the property sought to be recovered in such prior action, but not as to the residue of the property seized and sold after the seizure complained of therein.

That the right of the sheriff to justify the seizure of the property, upon the ground that the mortgages were made with intent to hinder and delay the creditors of the mortgagor, was not defeated by his failure to allege their fraudulent character in the answer; that as the answer alleged the property to be that of the judgment debtor, the mortgagor, any evidence legally pertinent to prove that fact was admissible under it.

*McKinley* v. *Bowe* (97 N. Y., 93) distinguished.

The court refused to allow the mortgagor to look at a memorandum to refresh his memory, so that he might be able to state the articles which had been left in his store by one of the plaintiff's assignors, upon the ground that the memorandum had not been identified.

*Held*, error; that whatever the memorandum might have been, if it would refresh the recollection of the witness so that he could state the articles which were left, the plaintiff had a right to have that memorandum consulted by him, and to the testimony he might be able to give after referring to it.

That it was error to allow the defendants to prove what the mortgagor had testified to in supplementary proceedings instituted against him, to which proceedings the present plaintiff was in no sense a party.

That the court also erred in allowing answers to be given, concerning other property and premises previously occupied by the mortgagor, tending to create a prejudice in the minds of the jury against him, and to induce them in that manner to reject, the plaintiff's claims for indemnity for the property seized and sold by the sheriff.

APPEAL from a judgment, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, and from an order making an additional allowance of costs in the sum of $2,000.

*George P. Avery*, for the appellant.

*Charles F. MacLean*, for the respondents.

DANIELS, J.:

The action was to recover the value of goods, contained in stores leased to Wellington A. Carter, and mortgaged in part to his wife

and in part to Josephine S. Clason, and assigned by her to his wife, who is the plaintiff in the action. She also claimed to recover for other property asserted to have belonged to individuals assigning the same to her after the taking and appropriation of it by the defendants. This property was all seized under executions issued upon judgments recovered against the mortgagor, and by way of defense it was claimed that the property in fact belonged to him. The two mortgages were filed, as that was required to be done by the statute, but the evidence tended to show that the mortgagor remained in the possession of the stores. That fact, however, was controverted by evidence on behalf of the plaintiff, to the effect that it was under the charge and superintendence of a person acting for her in the stores.

As to a portion of the property seized and sold, a preceding action was brought by the same person, who is plaintiff in the present action, and tried in the second district. Upon that trial a verdict was recovered by the defendants in the suit, who were the parties to a bond given to the sheriff to indemnify him for the seizure and sale of the property under the execution. As to such property, the court held the judgment to be a bar to this action against the sheriff and his deputies. And to that extent the ruling appears to have been correct, for a recovery in this action for the same property against the sheriff, if that could have been had, would have entitled him to maintain an action for indemnity upon the bond against the defendants in that suit, and in that manner deprive them of the effect of the judgment which had been recovered in their favor for the same taking. And to avoid that result the sheriff was entitled to rely upon the judgment for his protection, which had been recovered in favor of these bondsmen.

But as to the residue of the property seized and sold after the seizure complained of in the preceding action, the judgment was not operative, but the controversy was open to evidence upon the point whether the property seized was liable to be taken and sold to satisfy executions issued against the mortgagor. The right of the sheriff to seize the property under the execution depended upon the question whether the mortgages were made in good faith and without any intent to hinder, delay, or defraud the

creditors of the mortgagor, and whether property belonging to the plaintiff's assignors had been seized and sold under the executions. The mortgages and transfers were not alleged in the answer to have been fraudulently made, but that was not necessary; and nothing said in the case of *McKinley* v. *Bowe* (97 N. Y., 93) requires that to be done to admit proof of that fact. What was legally necessary was that the answer should allege the property to be that of the judgment debtor, as it did, and any evidence legally pertinent to prove that fact was admissible under the answer. And proof tending to establish the fact that the mortgages were fraudulent, did tend to prove that the mortgagor was the owner of the property, so far as to render it subject to executions issued against him.

This has been the course of proceeding for many years, not only unquestioned, but sanctioned by the courts, and the answer in this action must accordingly be held to have been sufficient.

In submitting the case to the jury the legal points upon which it depended were clearly stated to them by the court, but rulings were made upon evidence excluded and received, which do not appear to be capable of being sustained. Among these was the ruling sustaining the objection that the witness, Wellington A. Carter, could not look upon a memorandum produced upon the trial to refresh his memory, so that he could state the articles which had been left in one of the stores by Mr. Aymar, who was one of the plaintiff's assignors. Liberty was refused the witness to answer this question, on the ground that the memorandum had not been identified. But that objection was not well taken, for whatever the memorandum may have been, if it would refresh the recollection of the witness so that he could state the articles which were left, the plaintiff had the right to have that memorandum consulted by him, and to the testimony he might be able to give after referring to it. The object of the inspection or examination of the memorandum was to revive the memory of the witness, and whatever it may have been, if it would have been attended with that effect, and the plaintiff was entitled to an opportunity to prove that it would, the witness had the right to look at it. (*Doe ex dem. Church* v. *Perkins*, 3 Durn. & East., 749; *Bigelow* v. *Hall*, 91 N. Y., 145; *Marcly* v. *Shults*, 29 id., 346.)

The defendants were also permitted, against the objection and exception of the plaintiff, to prove what the mortgagor had testified to in supplementary proceedings carried on against him, and to which the plaintiff was in no sense a party. These statements as to her consisted of no more than his declarations, and they were not admissible as evidence against the plaintiff. (*Walker* v. *Henry*, 85 N. Y., 130.) They were not proved to contradict denials made concerning them in the course of the examination of the witness, for which, after he was interrogated concerning them, they might very well have been proper, but as substantive evidence in the case, tending to defeat the plaintiff's title. They were not in this form lawful evidence against her, and should have been excluded.

The plaintiff's case was also illegally prejudiced by answers allowed to be given concerning other property and premises previously occupied by him. As to one of those places the witness was allowed to answer the question whether he was a prompt rent payer. The statements or representations of the mortgagor concerning the fact that he represented Josephine F. Classon, and in that capacity promised to take care of a mortgage upon certain real estate not connected with the action, and other transactions, were drawn in by way of evidence having no relevancy whatever to the action, or the credit of the witness. The object of this evidence seems to have been to create a prejudice in the minds of the jury against the mortgagor, inducing them in that manner to reject the plaintiff's claim for indemnity for the property seized and sold as his under the executions. This course was not justifiable. The object of the law is to secure the administration of justice between contesting claimants, upon the evidence given to develop the facts logically and legally bearing upon that disposition. It is not its purpose, by means of irrelevant and foreign matters, to permit one party to defeat another, either by holding him up to ridicule before the jury, or biasing their judgment by entirely foreign and extraneous matters. In these respects the plaintiff has a legal ground for complaint concerning the manner in which her action was tried at the circuit. And on that ground, as well as the exclusion of pertinent evidence offered to be given in her behalf, and the admission of illegal evidence against her, the judgment should be reversed and a new trial ordered, with costs to abide the event. And as that will dispose of the order making the

additional allowance of costs, no further attention need be given to that subject.

Brady, P. J., concurred.

Present — Brady, P. J., and Daniels, J.

Judgment reversed, new trial ordered, costs to abide event.