SAMUEL D. LUX, Appellant, v. ALEXANDER V. DAVIDSON, Sheriff of the City and County of New York, Respondent.

*Action for conversion by an assignee claiming under a fraudulent assignment, against a sheriff acting under an attachment which was set aside after the action for conversion was begun — right of an attaching creditor to attack an assignment — demand.*

In an action brought by an assignee, claiming under a general assignment for the benefit of creditors, to recover for the taking and wrongful conversion of personal property, against a sheriff claiming to hold the same by virtue of an attachment issued against the property of the assignors, it appeared upon the trial that the attachment had been vacated subsequent to the bringing of the action, and also that the assignment was fraudulent as against the creditors of the assignors.

*Held,* that as the plaintiff had no title to the property, as against the creditors of his assignors, the assignment being concededly void as against them, and as the attachment was not vacated until after the action for conversion was commenced, and the plaintiff could, therefore, gain no advantage from the assumed invalidity of that process when the action was begun, the attachment was a protection to the sheriff.

That the simple fact that the process of attachment had been set aside as having been erroneously granted, did not relate back so as to change the position of the sheriff at the time he took the goods, and render his act in so doing illegal.

That the defendant, as an attaching creditor, without proof of a judgment recovered against the assignors and execution thereon returned unsatisfied, was in a position to attack the assignment.

*Quære,* as to the effect of a demand for the return of the property after the attachment had been vacated.

Hun — Vol. LVI    44

APPEAL by the plaintiff Samuel D. Lux from a judgment, entered in the office of the clerk of the county of New York on the 19th day of April, 1886, after a trial before the court and a jury at the New York Circuit.

*Rudolph Sampter*, for the appellant.

*W. Bourke Cockran*, for the respondent.

BRADY, J. :

This action was brought to recover for the wrongful conversion and taking of personal property. The plaintiff claimed to be the owner of it by virtue of a general assignment for the benefit of creditors, made, executed and delivered to him by Samuel Michaelis and Moritz Michaelis under which the plaintiff took immediate possession of the property. The defendant claimed immunity under the law by virtue of an attachment which was duly issued against the property of the assignors, and proposed upon the trial to investigate the *bona fides* of the assignment as matter of defense. To this the plaintiff objected upon the ground that the attachment had been vacated, and the defendant, therefore, was not in a position to avail himself of the defense suggested. The objection was overruled under exception.

The plaintiff, to fortify the position just stated, offered in evidence orders of the Special and General Terms of the City Court vacating the attachment mentioned on the original papers. They were rejected under exception. The defendant's counsel admitted the taking of the property under the attachment, and the plaintiff's counsel admitted, in view of the rulings of the court, that if the *bona fides* of the assignment could be litigated in this controversy, the assignment would be held fraudulent as against creditors. And this admission raises the only question which springs out of this appeal, and it seems to have been decided against the contention of the appellant.

In *Bowe* v. *Arnold* (31 Hun, 258), Judge DANIELS said: "But if the seizure made by the sheriff under an attachment shall be questioned by an action in favor of the debtor's vendee, it may be defended upon allegations and evidence showing the title of the latter to be fraudulent," citing for this proposition the case of *Rinchey* v. *Stryker*

(28 N. Y., 45). In the case of *Rinchey* v. *Stryker* the subject was thoroughly discussed, and it was held that a party procuring an attachment was not to be deemed a mere creditor at large of the defendant after the writ was served, but a creditor having a specific lien upon the goods attached, and, further, that the sheriff, as their bailee, had a like lien, and the right to show that the plaintiff's title to the attached property was fraudulent as against the attaching creditor.

The proposition sought to be maintained by the appellant, namely, that a creditor could not attack a fraudulent assignment by his debtor until he had proceeded with his claim to judgment and execution was there discussed, and, although seemingly maintained by some cases, was qualified by DENIO, J., in *Van Heusen* v. *Radcliff* (17 N. Y., 580), who said : " When a conveyance is said to be void against creditors, the reference is to such parties when clothed with their judgments and executions or such other titles as the law has provided for the collection of debts." And BRONSON, J , in *Noble* v. *Holmes* (5 Hill, 194), said : " The sale could not be impeached by a creditor at large ; it must be a creditor having a judgment and execution or *some other process* which authorized a seizure of the goods." And in *Van Etten* v. *Hurst* (6 Hill, 311), he said : Before creditors can attack a sale by a debtor for fraud " they must show a judgment as well as execution, or where, as in this case, they proceed *by attachment*, they must show that the justice had jurisdiction and that the process was regularly issued."

It is supposed by the appellant that the case of *McKinley* v. *Bowe* (97 N. Y., 93) is an adjudication in his favor, and one which sustains his contention with regard to the necessity of having a judgment. That case, it may be justly said, is imperfectly reported, but, so far as it can be understood, it seems to have been an action to recover from Bowe, as sheriff, property which he seized upon by virtue of an execution, the plaintiff claiming under a chattel mortgage executed by one Carpenter, the judgment-debtor. The court said that Bowe was a trespasser if he took the property of McKinley upon an execution against Carpenter, and that the other defendants were equally liable since they indemnified the officer and directed the taking. The court further said, whether the court was right

in holding that there was no such actual change of possession as made the mortgage void, or whether there was such dispute upon the facts as required a submission to the jury, they need not then to determine, for the conclusion had been reached that the defendants were not in a position to attack the transfer for fraud, since they did not show themselves to be creditors of Carpenter and prove a judgment against him; and that the only answer made to this difficulty was that the plaintiffs gave no proof of a taking by the defendants, and were obliged to make out their case by resort to the admissions of the answer, which admitted not a wrongful but a rightful taking by virtue of a judgment and execution against Carpenter, which are fully set out in the pleadings. And then the court said, that if the plaintiffs made no case without resort to the answer to prove the taking, there was great force in the contention that they must take the admission as it was made, and not dismember it, but that it was not necessary to decide that question, since, wholly independent of that admission, there was evidence enough to warrant the jury in finding the taking by the defendants. Thus, it was held, that the plaintiff's case was made out, and that the defendants not having given proof upon the subject had not put themselves in the position of creditors, and could not assail the plaintiff's title, therefore, as fraudulent. And the court further naively remarked that both parties tried the case as if they were equally afraid of the truth, the defendants omitting to prove their judgment and the plaintiff giving no evidence showing the consideration of their note secured by the mortgage. Neither in the proof nor in the opinion of the court is there any suggestion in reference to the effect of an attachment, and the cases to which reference has been made herein are not cited. That case cannot, therefore, be regarded as at all controlling of the question herein involved.

It may be further observed that the plaintiff has no title to the property against the creditors of his assignors, the assignment being admittedly void as against them; and it appears that, although the attachment was vacated, that incident did not occur until after this action was commenced, and the plaintiff can gain no advantage, therefore, from the assumed invalidity of that process when the suit was commenced. Its existence was a protection to the sheriff, under such circumstances, in any event.

The case discussed, therefore, in these several aspects, leaves no doubt of the validity of the judgment appealed from, and it should be affirmed, with costs.

Van Brunt, P. J., concurred.

Bartlett, J. :

The property which is the subject of dispute in this action was seized by the sheriff under a warrant of attachment against the members of the firm of S. Michaelis & Co. At the time the goods in question were in the possession of the plaintiff, claiming to be the general assignee of the firm for the benefit of its creditors. He has brought this suit against the sheriff to recover damages on two grounds : First, because he claims that the taking of the property under the attachment was illegal; and, secondly, because he claims that the sheriff wrongfully refused to deliver up the property after the plaintiff had duly demanded that the same should be returned to him.

There is no proof of any demand for a return of the goods after the levy ; so that this appeal really turns upon the question whether the original taking by the sheriff was lawful. I am unable to see why it was not. There is a stipulation in the record admitting that the property was taken under the attachment set forth in the answer, and the case was evidently disposed of at the circuit upon the strength of this admission. The attachment was issued in a suit in the City Court against Samuel Michaelis and Moritz Michaelis by Edward Friend et al., and the warrant commanded the present defendant, as sheriff of the city and county of New York, to attach sufficient property of the said Samuel Michaelis and Moritz Michaelis to satisfy the demand of the plaintiffs in that action. The process thus issued to the sheriff constituted ample authority for his action in levying upon any property which he could find belonging to Samuel Michaelis and Moritz Michaelis within the county of New York. For the purposes of this litigation, it is not open to dispute that the property in controversy here was theirs ; since it is admitted in the case that if the good faith of the assignment from Samuel Michaelis and Moritz Michaelis to the plaintiff can be litigated in the present action, the assignment is to be deemed fraudulent as against the creditors of the assignors. If the assignment is fraudu-

lent, of course the plaintiff has no title as against the claims of creditors; but he contends that the defendant is not in a position to question his title, inasmuch as that can be done only in behalf of a judgment-creditor or a creditor having an attachment, and the defendant, he says, represents neither.

But at the time of the taking the sheriff certainly did represent an attachment-creditor. There is no suggestion that the attachment was void. As long as it remained in force, therefore, it was a complete justification to the defendant. (*Day* v. *Bach*, 87 N. Y., 56.) The simple fact that the process has since been set aside, as having been erroneously granted, does not relate back so as to change the position of the sheriff at the time he took the goods, and render his act in so doing illegal. It might well affect his right to retain possession of the property, if a return had been demanded subsequently, that is to say, after the attachment was vacated; but prior to that time, in view of the stipulation as to the fraudulent character of the assignment as against creditors, the sheriff held the property as the representative of a creditor having a specific lien thereon by attachment, and his custody was, therefore, lawful. (*Rinchey* v. *Stryker*, 28 N. Y., 45.)

As has been suggested, a different question would arise if there were any proof of a demand for the return of the property after the attachment was vacated; but, on the record before us, I think the case was properly decided below.

I am, therefore, in favor of affirming the judgment.

Judgment affirmed, with costs.