(21 App. Div. 201.)

## VAN DEWATER v. GEAR et al.

(Supreme Court, Appellate Division, Second Department. October 12. 1897.)

1. ATTACHMENT—WRONGFUL SEIZURE—JOINT TRESPASSERS.
   Defendant G., a constable, wrongfully seized property. On the owner's demanding possession, G., after requiring and obtaining a bond of indemnity from the other defendants, sold the property. *Held,* that all the defendants were trespassers.

2. SAME—PLEADING AND PROOF—GENERAL DENIAL.
   After a wrongful seizure of property, the owner transferred it to one who sued for conversion. *Held,* that defendants could not, under the general denial, show that the transfer was in fraud of creditors.

3. FRAUDULENT CONVEYANCES—WHO MAY ATTACK.
   A general creditor cannot attack a conveyance as fraudulent as to creditors.

4. CHAMPERTY—WHAT CONSTITUTES OFFENSE—ATTORNEYS.
   Under Code Civ. Proc. § 73, prohibiting the purchase by an attorney of things in action "with the intent and for the purpose of bringing an action thereon," mere intent to bring suit does not offend. There must exist an intent to obtain title for the purpose of bringing an action.

5. SAME—PURCHASE OF CHATTELS.
   Code Civ. Proc. § 73, prohibiting the purchase by an attorney of bonds, promissory notes, bills of exchange, book debts, or other things in action, has no application to a purchase of chattels.

Appeal from trial term.

Action by Arthur Van Dewater against Samuel W. Gear and others. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant Gear appeals.     Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

C. A. S. Van Nostrand, for appellant.
Clarence Edwards, for respondent.

HATCH, J.    The plaintiff brought this action to recover damages for the conversion of certain articles of personal property.    The property in question was seized and sold by the defendant Gear, a constable, who claimed to justify such act by virtue of an attachment issued against the owner of the property.    After the seizure, and while Gear was in possession, the owners of the property transferred title to the same to the plaintiff, by a written bill of sale.    The plaintiff thereupon demanded possession of the goods from Gear, and forbade a sale.    There is no dispute but that Shire was the owner of the property when the seizure was made, and that such ownership continued until he transferred the title thereto to the plaintiff.    Upon claim of title being made by the plaintiff, Gear required a bond of indemnity before making the sale, and the defendants Batten and Badenhop thereupon gave the required bond, and the property was sold.    The defendants answered separately; but in none of the answers is it averred that any action was commenced by any person against Shire, or that any attachment was issued or levy made thereunder, or that any judgment was obtained in any actions.    Nor was any attempt made upon the trial to show any judgment or execution.    A paper was produced which purported to have been issued by a justice of the peace, in an action wherein Richard Batten was plaintiff and Robert Shire was defendant, which directed the attachment of the goods and chattels of the defendant sufficient to satisfy the debt, with costs, etc.; but no proof was offered to show that any action was commenced by the issuing of a summons, or that any proof was made upon which to base an attachment, or that judgment was obtained upon which execution was issued.

As the case stood under the pleadings and the proof, the defendants were trespassers, without shadow of right to levy upon or sell the goods.    All who participated therein became liable.    In order to procure a sale of the goods, the bond of indemnity was executed, and the defendants executing the same became participants in the original wrongful seizure, and consequently liable.    Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 26.    The defendants sought to show upon the trial that the transfer from Shire to the plaintiff was in fraud of the rights of creditors.    The testimony was excluded.    The ruling was right. No such defense was pleaded in the answer.    Beaty v. Swarthout, 32 Barb. 293; Weaver v. Barden, 49 N. Y. 286.    The general denial did not give such right.    The plaintiff rested upon his bill of sale, which conveyed title.    In order to defeat this by a claim that it was in fraud of the rights of creditors required an affirmative attack, and must have been pleaded.    Besides, it is not even averred in any of the

answers that the defendants, or any or either of them, are creditors of Shire. If they were general creditors, no right of seizure existed, nor would they occupy a position where they could attack the sale as fraudulent. McKinley v. Bowe, 97 N. Y. 93; Sullivan v. Miller, 106 N. Y. 635, 13 N. E. 772. The defendants were therefore mere trespassers, and liable for all the damages which the plaintiff sustained. The defendants are equally unfortunate in attempting to raise the issue that the plaintiff, as an attorney, was prohibited from purchasing the property. The averment of the answer is that, while Gear was in possession of the property under an attachment, the plaintiff drafted the bill of sale from Shire to himself, and procured its delivery, "with the intent on the part of the plaintiff to bring this suit." This averment is insufficient. The language of the prohibition is "with the intent and for the purpose of bringing an action thereon." Code Civ. Proc. § 73. Mere intent to bring suit upon a claim does not offend against this statute. There must exist an intent to obtain title for the purpose of commencing an action. The distinction is vital. The case as averred in the complaint therefore fails in stating an offense upon this ground. Moses v. Divitt, 88 N. Y. 62. If it were otherwise, no defense could be based upon this section of the Code, for the reason that the prohibition relates to the purchase of bonds, promissory notes, bills of exchange, book debts, or other things in action. The purchase and sale in this case was of chattels, and therefore not within the section. There was no defense set up in the answer to the claim of the plaintiff, and the only question which the case presented was an assessment of damage.

The judgment should be affirmed, with costs. All concur.