MICHAEL SCHAFF ET AL. V. CLEVELAND, MEDINA & SOUTHERN ELECTRIC RY. CO. ET AL.

WHERE THERE IS A DOUBT THAT PROPERTY RIGHTS HAVE BEEN INVADED—INJUNCTION DISSOLVED.

Where the facts established do not clearly show that a street railroad in a public highway invades property rights, and there is a doubt that such is the case, an injunction should be dissolved and the party left to such other remedy as he may have.

APPEAL from.

HALE, J.

We have been examining this case up to within a very few minutes and have formulated no opinion and shall deliver none, but simply announce the conclusion which we have reached.

The rights of a street railroad to occupy a portion of a highway—whether a street or a public highway, in the country, is quite definitely settled by the case of Street Ry. Co. v. Cumminsville, 14 O. S., 523, and it seems to be thoroughly settled everywhere, that a street railroad located in a public highway, furnishes a legitimate mode of travel or transporation and if that is all that appears, it imposes no additional burden upon the lot-owner and he is entitled to no compensation whether he owns the fee to the center of the street or whether the title of the highway or the street is in the public. If the occupancy of the street is a lawful one, then the lot-owner must bear any incidental burden incident to that lawful occupancy of the street. The running of a line of omnibuses upon the street or highway might be some inconvenience to the lot-owner, but he would not thereby be entitled to an injunction to prevent its use in that way. But when the location of a street railroad upon the highway appropriates any substantial property rights of the lot-owner, he is entitled to an injunction to prevent the appropriation of that property right until it has been appropriated in the manner pointed out by the constitution and the statutes.

It becomes a question of fact, whether the case before us, under the testimony upon which the case has been submitted, establishes with that certainty the fact that such property rights have been invaded and will entitle the plaintiff to an injunction. We have examined, with a view of solving this proposition, a number of cases among which are the following: 35 Minn., 112; 27 Wis., 194. In this case, the complaint was that the track of a street railroad was so laid as to interfere with the occupancy of a store by not leaving sufficient space for drays to be backed up to the door, and the court held in substance, that such occupancy of a street is not one the lot-owner is entitled to.

In 50 N. Y., 206. If we disregard the distinction made in New York between the rights of the lot-owner who owns to the center of the street and those who own to the margin of the street, that case is quite pointed in sustaining the rights of the company. It was alleged that the railroad track ran so near the lot as to prevent the driving of a carriage up to the side-walk; but the court held, that as the title of the

street was in the public, the petition made no cause of action for an injunction. So far as we have been able to find, the state of New York is the only state that makes a distinction between the easement which the lot-owner has in the street, whether he owns to the center or to the margin. 35 Cal., 325; 3 Phila., 259; 125 Mass., 515; 79 Me., 363; 91 N. Y., 145; all have more or less bearing upon this question, and in none of them under the facts, was it held that the complainant was entitled to an injunction.

We have reached the conclusion that the facts established by the affidavits upon which the case has been submitted, do not so clearly establish the fact that property rights have been invaded as to entitle the parties to an injunction.

We would not hold if it clearly appeared that property rights were being invaded and appropriated, that an injunction would not lie for the reason that the party has a complete remedy at law. We refrain from commenting upon the facts, because the ultimate rights of the parties must be settled in a claim for damages. The road, of course, going through, an injunction would be only a temporary expedient to stop it until settlements were made. If these are entitled to compensation, they must get it in the way of damages.

In view of the doubt we have under the proof, we simply say that we think the injunction should be dissolved and leave the parties to any other remedy that they may have; and that will be the order.

Herrick & Hopkins and L. M. Schaff, for plaintiff.

Geo. McKay, Johnson & Hackney and Newman & Ullman, for defendants.

---

# ANNEXATION.

[Hamilton Circuit Court, January Term, 1894.]

Smith, Swing and Shauck, JJ.

(Judge Shauck, of the Second Circuit, taking the place of Judge Cox.)

†STATE OF OHIO EX REL. SCHWARTZ v. CINCINNATI (CITY).

1. ACT AUTHORIZING ANNEXATION OF CONTIGUOUS MUNICIPAL CORPORATIONS.
The act of April 13, 1893, as amended April 24, 1893 (90 Ohio Laws, 263, 265), authorizing cities of the first grade, second class, to annex contiguous municipal corporations is valid and binding, and is not in contravention of sec. 1, article 13, or of sec. 26, article 2 of the constitution of the state, or of any other constitutional provision.

2. MAY DECIDE AS TO WHAT CORPORATION MAY BE ANNEXED IN ONE PROCEEDING —VOTING.
Such law gives to the cities of the first class the right to decide as to what contiguous municipal corporations they desire to have annexed in any one proceeding; and the question whether it should be done is to be submitted as one proposition to the electors of all the municipalities affected (in this case six), and if it receives an affirmative vote of a majority of those voting on the question the proposition would be carried.

---

†This case was affirmed by the Supreme Court. See opinion, 52 O. S., 419.

8   O. C. D.   44