(32 Misc. Rep. 660.)

### TUM SUDEN v. JURGENS et al.

(Supreme Court, Trial Term, Queens County. November, 1900.)

TROVER AND CONVERSION—TITLE CLAIMED UNDER BILL OF SALE—GENERAL DENIAL—EVIDENCE SHOWING SALE TO BE FRAUDULENT.

In an action for an alleged wrongful taking and conversion of chattels, where plaintiff claimed title to the chattels by virtue of a bill of sale by her husband to M., and another bill of sale thereof by the latter to her, evidence that such bills of sale were a sham and fraudulent, and that there was really no sale and delivery, may be admitted under a general denial, since such evidence goes to show that the taking was not wrongful.

Action by Lena Tum Suden against William Jurgens and others. On a verdict for the defendants, plaintiff made a motion on the judge's minutes for a new trial. Denied.

This action was brought against the sheriff of Queens county for the alleged wrongful taking and conversion of chattels, i. e., the stock and fixtures of a retail grocery store. The plaintiff and his two indemnitors in the action in which the sheriff took the said chattels under a writ of attachment, as is alleged in the complaint, have been substituted as defendants. The answer is a general denial; and then a defence that the plaintiff's husband being the owner of the said chattels and business, and indebted to the defendant Jurgens for goods purchased, the said Jurgens began an action in the supreme court to recover the price thereof, and that therein the said attachment was obtained, and the said chattels taken thereunder.

To prove her title the plaintiff introduced in evidence a bill of sale of the said business and chattels by her husband to one Milk, and another bill of sale thereof by the latter to her. The defendants proved the writ of attachment against her husband, and its validity, and the debt for which it was granted, and the taking of the chattels under such writ, and introduced other evidence tending to show that there was in reality no sale and delivery, but that the said two bills of sale were a sham and fraudulent, being intended only to make color and pretense of a sale and delivery. This latter evidence was objected to by the plaintiff on the ground that the defendants

had not pleaded as a defence that the said bills of sale were fraudulent; and on the same ground objection was made to submitting that question to the jury.

H. B. Bradbury, for the motion.

W. W. Butcher, opposed.

GAYNOR, J.   It was not necessary to plead as a "defence" that the sales, and the bills of sale, were sham or fraudulent.   That was not a defence, but within the general issue raised by the general denial.   A defence can consist only of matter which cannot be proved under a denial.   It can only be of new matter, i. e., matter outside of the issue raised, or which can be raised, by a denial.   First in an answer come "denials" and then "defences," if there be any.   Code Civ. Proc. § 500;  Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678.   The allegation in an action of conversion is not merely of a taking, but of a "wrongful" taking.   A general denial thereof is a denial of a wrongful taking, and not merely of a taking. The issue raised thereby is therefore not whether there was a taking, but whether there was a "wrongful" taking, and evidence to show that the taking was not wrongful but lawful is admissible under such issue.   It is the same as in actions for torts generally.   In an action for malicious prosecution, for example, the allegation of the complaint is not merely that the defendant prosecuted the plaintiff but that he prosecuted him maliciously and without probable cause.   A general denial thereof is not that the defendant did prosecute the plaintiff, but that he prosecuted him maliciously and without probable cause;  and under that issue any evidence tending to show that there was probable cause and hence no malice is admissible.   Evidence in the present action showing that the bills of sale were sham, and that there was in fact no sale and delivery, showed that the taking was not wrongful but lawful;  and that was the issue.

This rule of pleading is so plain and logical, and of such long standing, that no citation of authority ought to be made for it.   There may be some inadvertent dicta apparently against it, as in Beaty v. Swarthout, 32 Barb. 293, but that is nothing to scientific lawyers. The report of that case is quite blind, but it appears that the evidence to show that the sale to the plaintiff by the alleged execution debtor was fraudulent was excluded because there was no "prior proof of a lawful execution."   There being no execution, of course the sheriff had no foundation to make any proof at all.   He could only justify his act under the license of an execution.   The case of Van Dewater v. Gear, 21 App. Div. 201, 47 N. Y. Supp. 503, is also cited to me.   There, also, there was no lawful attachment or execution, which left the constable a mere trespasser, and with no standing to show that the bill of sale to the plaintiff was fraudulent, or to defend at all.   This was all that was presented, and therefore all that was or could be decided in that case.   If the opinion is broader it is to that extent unauthoritative and inadvertent.   In Weaver v. Barden, 49 N. Y. 286, the question of pleading now being considered was not up at all, much less decided.   That was not a tort action but a suit in equity.   One judge made some unauthoritative observations

which strangely enough seem to be taken as decisive of the present question, whereas they are not even akin to it, as may be readily seen from the facts of that case. The other cited decisions, like Milbank v. Jones, 127 N. Y. 371, 28 N. E. 31, were in actions on contract, and are plainly irrelevant. That the contract was fraudulent or void for any reason had of course to be pleaded as a "defence." The general denial, which was only a denial of the making of the contract, raised no such question.

Apart from the science of the matter, it may serve a purpose to point out that it must be very seldom in a case like this that the defendant knows anything of the pretended sale and bill of sale until they are revealed by the plaintiff at the trial. How then can it be said he should have pleaded that they were sham? No such rule of pleading ever existed, and any intimation to the contrary is inadvertent.

The motion is denied. ·