## GANS v. WORMSER.

(Supreme Court, Appellate Division, First Department.  May 22, 1903.)

1. WITNESSES—MEMORANDUM—NEEDLESSNESS FOR REFRESHING MEMORY—ADMISSIBILITY.

In an action on a check given for corporate stock, where the defense was misrepresentations as to the condition of the company, a memorandum made by defendant's agent during the conversation, in which the misrepresentations were made by plaintiff, containing plaintiff's statements, but of the existence of which plaintiff is ignorant, is inadmissible, where the agent testifies, from his unaided memory, as to all that occurred.

2. SAME—RES GESTÆ.

A memorandum made by a witness during a conversation with a party, containing statements of the latter, but of the existence of which he is ignorant, is no part of the res gestæ.

3. SAME—PREJUDICIAL ERROR.

Error in admitting a witness' memorandum containing misrepresentations made by a party in a conversation during which the memorandum was made is prejudicial, where the witness has an unaided recollection of all that occurred, and the memorandum is used in cross-examining such party and in re-enforcing the oral testimony of the witness.

Appeal from Trial Term, New York County.

Action by Levi L. Gans against Tillie Wormser.  From a judgment for defendant and an order denying plaintiff a new trial, plaintiff appeals.  Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Tompkins McIlvaine, for appellant.
George W. Galinger, for respondent.

HATCH, J.  This action was brought to recover upon a check given by the defendant to the plaintiff for $10,000 as the considera-

tion for the purchase price of certain shares of stock of the American Box Strap Company. The answer admitted the making and delivery of the check, as averred in the complaint, and set up, as a separate defense, that the delivery of the same was induced by reason of false representations made by the plaintiff as to the value of the machinery owned by the said company. This furnished the issue between the parties which was litigated upon the trial. The case has been twice tried, and this is its second appearance in this court. Upon the former appeal we held that the verdict in favor of the defendant was not supported by the testimony, and that justice required the granting of a new trial. 73 App. Div. 623, 76 N. Y. Supp. 874. The evidence appearing in the present record is quite similar to that which was given upon the former trial, and, while there has not been any marked essential change in the version of the transaction given by the parties thereto and their witnesses, we should, nevertheless, hesitate to reverse this judgment as being against the weight of the testimony, in view of the conclusion reached by two juries thereon and the sharp conflict in the testimony between the principal parties to the transaction.

We are, however, compelled to reverse the judgment and order a new trial for error in the reception of testimony. The transaction resulting in the sale of the stock was had between the plaintiff and Leopold Wormser, the husband of the defendant. He testified that at the time when the negotiations were had resulting in the sale of the stock he made a written memorandum of the statements, as to the value of the property and condition of the company, which were made by the plaintiff. The statement written by the witness was offered and received in evidence over the objection and exception of the plaintiff. The circumstances attending the making of this memorandum, as given by the witness Wormser, were to the effect that as the plaintiff made the statements concerning the value of the property, the shareholders and their holdings, the capitalization of the company, the extent of the sales, the stock on hand, etc., he wrote them upon the paper offered and received in evidence. He did not pretend that the plaintiff knew what he was writing or the memorandum which he made. The plaintiff took no part in making the entries. They were not communicated to him after they were made, and, so far as appears, he had no knowledge as to their character, or that the witness Wormser was making them. All that appeared upon this subject was that Wormser made the entries upon the paper in the presence of the plaintiff. This was denied by the plaintiff, who testified that Wormser wrote nothing in his presence, and that nothing was communicated to him that the memorandum was made or as to its contents. The most that can be said in this connection is that Wormser made the memorandum during the negotiations; that he did not communicate it to the plaintiff, nor does it appear from his testimony that the plaintiff knew that a memorandum of his statements was made, either at the time or by subsequent communication, at any time prior to the trial. The memorandum, therefore, was the mere written declaration of Wormser of the represen-

tations which he claimed were made by the plaintiff. As such it was not admissible in evidence unless the witness was unable to recollect the transaction or the facts respecting the representation, and could not, independently of the memorandum, testify to the same. National Ulster County Bank v. Madden, 114 N. Y. 280, 21 N. E. 408, 11 Am. St. Rep. 633. Wormser was under no infirmity of memory whatever. He testified fully and completely from his recollection to all of the representations claimed to have been made by the plaintiff during the transaction, and recollected the same in the minutest detail. There was no basis, therefore, for the introduction of the memorandum. It was said by Judge Bradley in the case last cited:

"The rule which renders such entries admissible rests upon the principle of necessity for the reception of secondary evidence, and is not applicable where the witness has a distinct recollection of the essential facts to which they relate."

And this learned judge added:

"And this right, so qualified, to introduce such secondary evidence, is the better rule, in view of the opportunity which otherwise might exist, to superadd a written memorandum to the evidence of a witness, which it cannot be said might not sometimes be improperly made available to strengthen his testimony with a court or jury, and such may be within reasonable apprehension until the moral infirmity of human nature becomes exceptionally less than it yet has."

The authorities abundantly sustain the rule of this case. Bigelow v. Hall, 91 N. Y. 145; Moore v. Meacham, 10 N. Y. 207. The reason assigned for the rejection of such testimony finds pertinent illustration in the present record. The memorandum here was made the basis of extended cross-examination of the plaintiff by counsel for the defendant, and in minutest detail his attention was called thereto. More stress was laid upon the writing than was accorded to the oral testimony of the witness Wormser, and it is evident that it was used with skill and power in re-enforcing the oral statements made by the last-named witness, and thereby was accomplished the result which the law plainly condemns. The memorandum was not part of the res gestæ, as in a legal sense it was no part of the transaction between the parties, the plaintiff had no knowledge of it, nor was its contents communicated to him. It was therefore no more a part of the res gestæ than it would have been had it been made after the transaction. Its reception was plainly prejudicial to the plaintiff, and no doubt exists but that it was an essential factor in procuring the judgment which was rendered.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.